**PARKIN v UNION TRUST COMPANY** et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 11848. Decided January 25, 1932

MAUCK, PJ, MIDDLETON and FARR, JJ, sitting.

Jack B. Dworken, D. F. Anderson, Cleveland, for plaintiff in error.

Shuler, Smith & Freer, Cleveland, for defendant in error.

**MAUCK, PJ.**

The record is a prodigious one but the issues in this court raised by brief and oral argument are narrow being confined to the sufficiency and accuracy of the trial court's instructions to the jury. If the record, in fact, shows the proponents of the will to have overwhelmed the plaintiff with the volume of testimony claimed by the defendants, the errors in the charged relied upon by the plaintiff in error would, perhaps, be insufficient to secure a reversal under the substantial justice rule. Rather than weigh the evidence for the purpose of possibly applying that rule we are content to consider the questions argued upon the theory that the case was a close one and the plaintiff entitled to a strict adherence to the law.

The first claim of error runs to a special charge of the court given at the request of the defendants in which the court advised the jury that if the will were sustained the widow might elect to take under the law and then advised the jury what share of the estate she would receive under the law. It is not claimed that what the court told the jury was not the law but it is claimed that the plaintiff was prejudiced by the jury being told what the law was. We see no possible objection to this instruction in any case involving the rights of a widow for presumably any testator makes his will with the knowledge of what rights his wife has in the estate he is leaving. In this case the charge was not only proper but it was required. The testator himself had in mind the possibility that his wife would elect to take under the law and expressly provided for that contingency. That factor having been in the testator's mind at the time he made the will and the jury having the duty of ascertaining the mental competency of the testator and having the further duty of measuring both the legal and moral obligations of the husband to the wife were entitled to know what the widow would receive by law **but because of the will** in case the will were sustained. The charge was a proper one but in our judgment calculated to help rather than hurt the case of the plaintiff.

A further claim is that the court after giving special instructions before argument on certain phases of the case laid down the same propositions of law in the general charge. The objection in this respect runs to the repetition in the general charge of the principles laid down in special instructions seven and eight. In these two instructions the court had laid down the test of testamentary capacity, and the definition of undue influence. The charges were accurate. Later in the general charge the court repeated all that he had said in the two special instructions. It is to be observed that neither of these instructions were particularly favorable to either party. They both laid down familiar and fundamental principles. The plaintiff claimed a verdict because she claimed that the facts adduced under the doctrine of the seventh special instruction entitled her to the verdict on the ground of the testator's incapacity and she also claimed a verdict upon the ground that the facts entitled her to a verdict under the law of the eighth special instruction, because those facts required the jury to find that the testator was subjected to undue influence. It is, therefore, difficult to see how the plaintiff was prejudiced by any repetition of the fundamental law under which she herself was claiming a right to recover.

It is nevertheless objectionable to have any legal principle laid down in a special instruction before argument repeated in the general instruction so far as the same is reasonably avoidable.

Special instructions are necessarily unrelated expression on specific topics. The general charge must define all the issues between the parties and give such relevant rules of the law as will enable the jury to resolve the defined issues as the facts may require. A general charge should be coherent. It may and frequently must trench upon ground disjointedly adverted to in the special instructions and while it may not contradict or modify those special instructions nor indirectly do so by explaining them away it may repeat the truth of the special instructions so far as necessary to preserve the unity of the general charge and thus prevent it from becoming like the special charges a series of unrelated legal principles. Such repetitions are not condemned by §11,447 GC.

It is further argued that the court failed to charge upon fraud or upon some other features of the case but as no request was made to that end we see no question raised to that effect.

The next debatable question raised is that relating to the instruction upon the effect to be given to the probate of the will and the amount of proof required to meet the prima facie case made by the probate. This

646

is a debatable question only in the sense that an ingenious argument is made to the affect that the Supreme Court has twice erred in laying down the rule applied by the trial court in this case and the trial court erred by following the opinions of the Supreme Court. We can not adopt this view. It is unfortunate that courts of last resort sometimes find it necessary to overrule their former holdings. It is inviting chaos to urge courts of inferior jurisdiction to overrule the Supreme Court. We do not investigate the question anew. The instruction referred to is in harmony with **Kennedy vs Walcutt, 118 Oh St 443** and **Van Demark vs Tompkins, 121 Oh St 129**. With modesty we venture that we could justify the position of the Supreme Court but it would be an impertinence to justify where our plain duty is to follow without question.

As indicated heretofore in this opinion we have not read all the record for the purpose of closely weighing the evidence, but we have read enough of it to know that we cannot set the verdict aside on the ground that it is clearly opposed to the weight of the evidence. While the brief of the plaintiff in error claims that the verdict is not sustained by the evidence, the real claim in this respect rather runs to the sufficiency of the proof of execution only.

The fact that certain subscribing witnesses to the will or codicil do not fully testify to all the features of the execution of the will does not result in a failure of proof of execution nor make a situation where a reviewing court must say that the weight of the evidence is against the due execution of the instrument.

There is no prejudicial error in the record. The judgment is affirmed.

MIDDLETON and FARR, JJ, concur.