**HARPER v McQUOWN**

Ohio Appeals, 2nd Dist, Greene Co.

No. 449. Decided Nov. 14, 1939

390

Miller & Finney, Xenia, and George
H. Smith, Xenia, for plaintiff-appellant.
Smith, McCallister & Gibney, Xenia;
Pickrel, Schaeffer, Harshman & Young,
Dayton, for defendant-appellee.

**OPINION**

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal from the judgment of the Court of Common Pleas of Greene County, Ohio.

Plaintiff through her petition sought to recover damages for personal injuries received through colliding with an automobile claimed to have been negligently operated by defendant, and striking her as she was walking across the street from a neighbor's to her home in Spring Valley. The highway in the village was known as Pike Street, and was also designated as U. S. Route 42. The paved portion of the highway was 18 feet wide. There were rather wide berms on each side, with the re-

mains of an old curb several feet in from the berm. The highway did not run straight with the world, but we will refer to it as running north and south. The plaintiff, Mrs. Harper, lived on the west side of the road, and the neighbor she was visiting lived on the east side. The accident occurred about 8:30 o'clock P. M. It had been raining earlier and the pavement was wet. The weather was described as misty or foggy. At the time of the accident plaintiff was crossing the street about midway between street lights. These lights were at street intersections, and about 286 feet apart.

Plaintiff, at the time of the accident, was past seventy years of age, walked with a cane, was wearing dark clothes and was angling across the road in a southwesterly direction.

The claimed acts of negligence were the negligent operating of defendant's automobile at an excessive and dangerous rate of speed, and negligent and careless operation which caused the car to skid and strike her.

The car driven by defendant was moving south, and riding with the defendant was a young lady who, three months later, became his wife.

Defendant's answer admitted many of the allegations of the petition, but denied the claimed acts of negligence.

The case was submitted to a jury, resulting in a verdict for the defendant.

Motion for new trial was duly filed, overruled and judgment entered on the verdict.

Within the statutory time notice of appeal was filed.

Appellant, in her assignments of error, sets out eight separately numbered specifications as follows:

"1. The court erred in charging the jury upon the question of contributory negligence.

2. The court erred in his general charge to the jury in reiterating and repeating Special Charge No. 2 as to contributory negligence; also as to Special Charge No. 1, as to §12603, GC, relating to speed regulations; also as to Special Charge No. 6, relative to emer-

gencies; also Special Charge No. 7, with regard to preponderance of evidence; and in unduly and prejudicially emphasizing in his general charge the matters set forth in said special charges.

3. The court erred in its manner of submitting to the jury the special charges.

4. The court erred in charging the jury on the question of emergency.

5. The court erred in submitting to the jury Special Interrogatories No. 1, No. 2, No. 4 and No. 5.

6. There was no evidence submitted to support the verdict and judgment.

7. The verdict is against the weight of the evidence.

8. The verdict and judgment is contrary to law."

Each of the assignments of error was discussed in order in counsel's brief.

We take up the questions in the same order.

### ASSIGNMENT No. 1.

"The court erred in charging the jury upon the question of contributory negligence."

The law is well defined that a trial court at its peril must determine whether or not the issue of contributory negligence is raised by the evidence. If the evidence fails to present any suggestion of contributory negligence, it is error on the part of the trial court to charge on the subject.

The contra of this proposition would be equally true.

The issue is not presented through the answer, but this is immaterial since it is always necessary to determine the question from the evidence.

Plaintiff testified that after leaving the home of her neighbor she looked north and saw the light of an approaching automobile coming around the turn. This distance was more than 600 feet away. Upon looking once she gave no evidence of having looked again. Counsel for appellant cite the

following cases: **Trentman v Cox, 118 Oh St 247-251; Phillips v Weeden, 18 Abs 229; Youngstown Taxicab Company v Rymer, 6 Abs 395.** Reference is also made to §6310-36, GC, that being the section which provides in effect that a pedestrian starting across the street is bound to look in both directions. Looking once complies with the section of the Code and there the requirement ends so far as provisions of the Code are concerned.

This does not mean that the jury may not determine the pedestrian guilty of negligence. Under such a situation the common law rule steps in and it becomes the duty of the jury to determine under all the evidence and surrounding circumstances whether or not the pedestrian was guilty of negligence in crossing the street, without again looking for oncoming traffic.

We have no difficulty in determining that the issue of contributory negligence was clearly raised through the evidence.

While it is true that plaintiff testified that when she started across the street the lights of the approaching automobile were more than 600 feet away, and counsel argue therefrom that she had abundance of time to cross the street ahead of the automobile unless it was being operated at an excessive speed in violation of law, and that she was not required to anticipate that the car was being operated unlawfully.

The above is a correct statement of the law, but the facts were disputed. Defendant and his girl friend both testified that the car was being driven at a speed of 20 to 25 miles per hour; that his bright lights were on and that they did not see plaintiff until within 30 or 35 feet of her. Defendant says that she appeared to be standing in the path of his automobile, a short distance over the center line. Defendant testified that he immediately turned the car to the right, applied the brake and the car took a skid on to the right berm, down the bank, hitting an iron hitching post, causing the car to overturn on its side. Neither occupant of the car had any knowledge that plaintiff had been struck.

The jury determined in answer to interrogatories that the plaintiff walked into the path of the oncoming car, and that the rear left side of the car struck her after the skid.

It was plaintiff's claim, under her petition and also in her evidence, that she had entirely crossed the paved portion of the highway, and was on the west berm when defendant's car skidded, striking her on its left side and throwing her across the pavement to the east berm in close proximity to the paved portion of the highway. Under the disputed facts and permissible inferences from the evidence, the issue of contributory negligence was present and the trial court properly charged the jury relative thereto.

ASSIGNMENT No. 2.

"2. The court erred in his general charge to the jury in reiterating and repeating Special Charge No. 2 as to contributory negligence; also as to Special Charge No. 1, as to §12603, GC, relating to speed regulations; also as to Special Charge No. 6, relative to emergencies; also Special Charge No. 7, with regard to preponderance of evidence; and in unduly and prejudicially emphasizing in his general charge the matters set forth in said special charges."

The rule of law is recognized that the trial court in its charge to the jury must not unduly emphasize the claim of one party to the litigation. While Assignment of Error No. 2 might indicate that it was claimed that the trial court repeated the special requests verbatim or made improper comment relative thereto, an examination of the general charge discloses that this is not correct; nor do we determine that counsel for appellant intended such interpretation of this assignment No. 2.

What the court did do in its general charge was to present the same to the

jury the same as though the special request had not been given. In other words, the charge while covering the same principles presented through the special instructions, did no more than preserve its unity. In **39 O. Jur. page 936**, the editor correctly states the rule as follows:

"The practice of repeating, in the general charge to the jury, matters covered in special charges previously given at the request of a party, has been criticized on the ground that it tends to give undue influence to those features, especially where the sympathies of the jury are naturally with the injured party, although in fact the general charge does frequently cover ground disjointedly adverted to in the special instructions. And while it may not contradict or modify those special instructions nor indirectly do so by explaining them away, it may repeat the truth of the special instructions so far as necessary to preserve the unity of the general charge, and thus prevent it from becoming like special charges a series of unrelated legal principles."

See also the following Ohio cases in support of the editor's comment:

**Parkin v Union Trust Co., 11 Abs 644;** (Cuyahoga Court of Appeals); **The Cincinnati Traction Co. v Cramont, 19 Abs 272.**

We find no error as to No. 2.

ASSIGNMENT No. 3.

"3. The court erred in its manner of submitting to the jury the special charges."

We are referred to page 206 of the record where the trial court before giving the special requests, made the following comment:

"Members of the Jury: Counsel has requested, counsel for the defendant, that the court give you some special instructions before argument."

Complaint is made as to the use of the words, "Counsel for the defendant". We are cited to the case of **Manchester v Youngstown Sheet & Tube Co., 24 Abs 659.** Syllabus of the reported case states that it is improper for either the court or counsel for either party to indicate to the jury who prepared the particular charge. Carter, J., speaking for the court, on page 665, makes the statement through which Syllabus 5 was formulated. However, it is to be observed that the reviewing court held that such statement of the trial court was not prejudicial error. Judge Carter assigns as his reason for such holding that counsel for adverse party had conceded the correctness of the principles of law given to the jury before argument. In the instant case, so far as the record discloses counsel made no objection or took any exceptions, to the special instructions given before argument. In the cited case Judge Carter further stated that the practice was objectionable for the reason that the jury might get the idea that the special instruction was counsel for defendant's law and not the court's.

In the instant case counsel for plaintiff is urging the reverse on the above comment.

This court would be unwilling to go so far as to lay down in all cases that it would be prejudicial error for the trial court to intimate that the special requests were made by either plaintiff or defendant. We quite agree that it would be preferable to omit such statement.

It is our determination that unless the special requests incorrectly state the principle of law, there was no prejudicial error in the instant case.

No question is raised as to the correctness of the special requests, except under Assignment No. 4, which questions the general charge of the court on the question of emergency, and also makes the claim that the special request No. 6 on the same subject was prejudicial and erroneous.

### ASSIGNMENT No. 4.

"4. The court erred in charging the jury on the question of emergency."

Special Request No. 6 given before argument, reads as follows:

"Sixth. If you find that the defendant was confronted by an emergency not created by himself, the defendant in such emergency was required to exercise only such care as a reasonably prudent person would exercise under the same or similar circumstances."

In the general charge of the court, on page 215, appears the following:

"The rule requiring the driver of a motor vehicle to be able to stop the same within the range of his vision has no application in the case of an emergency creating an unexpected hazard. To illustrate: If a driver of a motor vehicle is proceeding on the highway with no object on that portion of the road over which he has a right to proceed and while so driving at a rate of speed that is reasonable and proper another automobile or person or other object suddenly and without warning turns into the path of such automobile, then it could be said that an emergency arises creating an unexpected hazard.

A driver of a motor vehicle is not required, in the exercise of ordinary care, to keep his eyes constantly fixed upon every inch of the thoroughfare ahead of him, nor is he required to assume that others will be using the highway in his line of travel unlawfully; but, when in the exercise of ordinary care, he has discovered that there is an object unlawfully in his line of travel, it then becomes his duty and obligation to use due care to avoid striking it, and failure to use due care is negligence. And it will be for the jury to say in this case whether or not after the defendant saw, or with the exercise of ordinary care could have seen, the plaintiff on the highway in such position as to interfere with or obstruct the line of travel of defendant's car—if she was in such position—whether the defendant then exercised that degree of care and caution that an ordinarily, prudent person would have exercised under the same or similar circumstances."

We find nothing erroneous under this assignment of error.

### ASSIGNMENT No. 5.

"5. The court erred in submitting to the jury special interrogatories Nos. 1, 2, 4 and 5."

These interrogatories were requested by counsel for defendant and they were allowed by the court, with instructions to the jury to answer same and return in connection with their general verdict. These interrogatories, together with the answers, were as follows:

"1. Did Mrs. Harper in crossing the roadway walk directly in front of the automobile operated by the defendant?
Answer: Yes.
2. Did the collision between the plaintiff and the automoble operated by the defendant occur on or off the paved portion of the road?
Answer: On.
4. Was the automobile operated by the defendant skidding at the time of the collision with Mrs. Harper?
Answer: Yes.
5. What portion of the automobile operated by the defendant came into contact with Mrs. Harper?
Answer: Left rear end."

Counsel for plaintiff make no claim that the answers to these interrogatories were inconsistent with the general verdict. It is urged that these interrogatories were improperly presented to the jury for the reason that their answers would not determine any ultimate fact or probative fact from which an ultimate fact might be found as a matter of law.

In the case of **B. & O. R. R. v Brown, 36 Oh Ap 405**, it was held that the trial court was not required to submit interrogatories to jury unless they would be ultimate facts or probative facts from which ultimate facts may be found as a matter of law. This in no sense is a holding that it would be prejudicial error to submit interrogatories which the trial court might have properly refused to submit. In the case of **Gale v Priddy, 66 Oh St 400 on page 405**, we find the following:

"In any event, the trial court should exercise great deliberation and caution in the matter of excluding interrogatories from the jury, for, while permitting immaterial questions is not likely to work injury after the verdict, the exclusion of a material one may be fatal to the rights of the party requesting it."

**Sec. 11420-17, GC**, provides in substance that when either party requested it, the court shall instruct the jury, if they render a general verdict, to find specifically upon particular questions of fact, to be stated in writing and shall direct written findings thereon.

We find nothing prejudicial under this assignment.

Assignments 6, 7 and 8 will be considered together.

"6. There was no evidence submitted to support the judgment.

7. The verdict is against the weight of the evidence.

8. The verdict and judgment are contrary to law."

These assignments of error require a very full and careful examination of the entire record. This we have done.

The finding being against the plaintiff and a general verdict returned, no cause of action, we are unable to determine with exactness whether or not the jury determined that the defendant was guilty of negligence and the plaintiff likewise guilty of negligence, directly contributing to her accident and resultant injuries; or that the defendant was free from negligence and that the accident and injuries were the result of the sole negligence of the plaintiff; or that both parties were free from negligence. Under this situation, the two issue rule is applicable. **Knisely v Commmunity Traction Co., 125 Oh St 131; Armour & Co. v Yoter, 40 Oh Ap 225, Syl. 5; Hines v Office, 21 Abs 553, Syl. 5; Schmidt v Kinney, 19 Abs 269; Weaver v Liberty Cabs, Inc., 21 Abs 563, Syl. 7; Singleton v Polster, 19 Abs 531, Syl. 3.**

This means that even if prejudicial error would present itself under one issue and not under the other, the verdict and judgment could not be reversed. The above rule is applicable in the final analysis to practically all the assignments of error. In considering the weight of the evidence, we have given close study to the reasoning of counsel in their briefs. We have read and reread the parts of the record pertaining to the question of liability.

Had the jury returned a verdict in favor of the plaintiff, we are of the opinion that it would be sustained under the evidence and the law. However, the jury had resolved its finding of fact against the plaintiff as it had a right to do.

We are obligated to consider the evidence and the attending permissible inferences in the most favorable light so as to sustain the verdict.

It is our conclusion that the record would sustain a factual determination that the plaintiff was guilty of negligence that contributed to the accident; also the evidence favorable to the defendant, which the jury had a right to believe, would support the determination of no negligence on the part of the defendant.

The record presents the usual conflicts. Had plaintiff's testimony established her position on the west berm of the highway immediately preceding her being struck, a contrary verdict would

probably have been returned, or at least would require a reversal. However, the finding of the jury on the interrogatories directly determined against her on this question.

Finding no prejudicial error, the judgment of the trial court will be sustained at appellant's costs.

The cause will be remanded.

HORNBECK, PJ. & GEIGER, J., concur.