## TITUS v STOUFFER

Ohio Appeals, 2nd Dist, Franklin Co

No 3336. Decided Sept 26, 1941

Carl H. Valentine, Columbus, for plaintiff-appellant.

Arnold, Wright, Purpus & Harlor, Columbus; Earle F. Morris, Columbus, and H. Paul Joseph, Columbus, for defendant-appellee.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

Plaintiff-appellant's action was predicated upon personal injuries received by being struck by an automobile owned and operated by the defendant while he was crossing First Avenue in Grandview at the Broadview Avenue intersection on January 26, 1938.

The claimed negligence set out in plaintiff's petition was that defendant carelessly and negligently operated his automobile in the business and closely built-up portion of the city of Grandview Heights, at a speed of approximately 40 miles per hour, that being a greater speed than would permit defendant to bring his car to a stop within the assured clear distance ahead; also so operated his automobile that a part of his car was to the left of the center of First Avenue; that the defendant drove his car past a motor

bus while it was stopped at the intersection of First Avenue and Broadview to allow passengers to alight and permit pedestrians to cross said roadway, without giving plaintiff any signal or warning of his approach, and failing to yield the right of way to plaintiff.

Defendant in his answer, after admitting certain formal allegations denies all others, particularly the allegations of negligence and then sets out as an affirmative defense, contributory negligence.

Plaintiff's reply denies all averments of the answer which were not admissions of the petition.

After the issues were joined trial was had to a court and jury resulting in a verdict for the defendant.

Motion for new trial was interposed, overruled and judgment entered on the verdict.

Within due time plaintiff filed notice of appeal on questions of law and thus lodged the cause in our court.

Plaintiff-appellant's claimed errors are set out in fourteen separately stated and numbered assignments.

The briefs of counsel follow the assignments of error in order and have followed our suggestion under Rule VII of furnishing an index which we find very helpful. We will follow the same order as has counsel in discussing and determining the several assignments of error, but in the interest of shortening this opinion, we find it possible to group some of these assignments.

For a complete understanding of how the accident happened and the respective claims of the parties it becomes necessary to make a further recital of some of the pertinent facts.

The accident occurred on January 26, 1938, about the hour of 5:50 o'clock P. M.

The plaintiff-appellant was a dentist with his offices in the Medical Building at the corner of High Street and Buttles Avenue. On this day in question the weather was very cold. At the close of the day's business Dr. Titus left his office and at the corner of Park and Goodale took a Columbus and South-

ern Ohio Electric Company bus to go to his home in Grandview Heights. The bus was one of the larger type gasoline busses in general use by the Street Railway Company. It was some 22 feet in length and about 8 feet in width, seating comfortably approximately 30 passengers. At the time Dr. Titus boarded this bus it was crowded and during the entire trip he stood on the step at the front door.

The bus proceeded in a general northwesterly direction, finally intersecting First Avenue in Grandview Heights and then proceeded westwardly finally coming to Broadview Avenue where it made its regular stop for admitting and discharging passengers.

The stopping point was on the right hand side of the street, variously stated to be against the curb, to a distance three feet therefrom, and a short distance back of where pedestrians would cross First Avenue on the east side of the Broadview intersection.

Dr. Titus left the bus at this point and observing that a number of people were getting off at the center door he concluded that he could pass around the front of the bus and cross First Avenue before it started up. He testified that before leaving the curb he looked both east and west and saw no approaching traffic from either direction. Necessarily the bus in its location interfered with a complete view to the east. No evidence was presented that Dr. Titus looked again in either direction after passing the bus. According to plaintiff's testimony, when he was about two-thirds of the distance across the street he looked to the east and then saw what proved to be defendant's automobile coming towards him on its wrong side of the street, at a speed of approximately 40 to 45 miles per hour. Plaintiff presented no supporting testimony as to the speed of defendant's automobile. He did present supporting testimony as to defendant's automobile being slightly on the left-hand side of the street (or really across the center line) at the time of the impact. Defendant's testimony, supported by a number of witnesses, estimated

the speed at which his car was being operated at from 20 to 30 miles per hour, and none placed the car on the left-hand side of the street except immediately before the impact when defendant claimed. to have swerved his car to the left in an effort to avoid hitting the plaintiff. It was the claim of the defendant, concurred in by his wife and another woman, both passengers with him at the time of the accident, that plaintiff suddenly and swiftly came out from in front of the bus at the cross-walk with his coat collar pulled up and hat pulled down, without looking in any direction, proceeded southwardly at a rapid stride, and ran into the right front of defendant's automobile, breaking the right front light. So far as disclosed from the evidence no other damage was done to the car.

Plaintiff was thrown or rolled across Broadview Avenue, and the testimony was in considerable conflict as to the exact place where he came to rest.

Some of plaintiff's witnesses placed the location between the west cross-walk and a point 80 feet to the west, and defendant's witnesses, at or very close to the cross-walk and on the south side of First Avenue.

Defendant's car came to a stop at or near the center of the intersection, some witnesses placing it a little farther west than others.

Plaintiff received several injuries the most serious of which was a broken leg.

We now take up the consideration of the various assignments of error.

Assignments Nos. 1 and 2 will be grouped, as both refer to the same subject matter. Assignment No. 1 in substance claims the trial court erred in sustaining defendant's objection to the introduction in evidence of Ordinance No. 15-b, being plaintiff's exhibit Z-2. This section of the ordinance reads as follows:

"(b) Whenever any vehicle is stopped at a marked crosswalk or at any intersection to permit a pedestrian to cross the roadway, it shall be unlawful for the driver of any other vehicle approaching from the rear to overtake and pass such stopped vehicle."

Counsel for defendant's objection was grounded upon the fact that the record evidence did not show that the motor bus had stopped to permit pedestrians to cross the street ahead of it, but on the contrary it very positively and clearly appeared that the stopping of the bus was for the sole purpose of discharging or taking on passengers. We have no hesitancy in agreeing with the trial court in its ruling.

The 2nd assignment of error refers to this same subject and complains of the court's charge to the jury that there was no state statute or ordinance requiring a motorist to stop when a bus, not a school bus, had stopped to permit passengers to alight and cross the roadway. The Court, however, stated to the jury that it was a question of ordinary care We find no error under the 2nd assignment.

The 3rd assignment of error reads as follows:

"The court erred in withdrawing from the consideration of the jury the allegation of the petition that the defendant drove his car at a greater speed than would permit him to bring it to a stop within the assured clear distance ahead."

This assignment of error gives us more concern and is more difficult of determination than any of the others. This assured clear distance ahead provision of §12603 GC has been the cause of much worry on the part of lawyers and courts as to the extent or limit of its application.

The last pronouncement of the Supreme Court will be found in **Smiley, Appellee v Arrow Springs Bed Company, 138 Oh St 81** (decided March 19, 1940, and found in Ohio Bar Reports in issue dated March 24, 1941).

There can be no question that under the allegation of plaintiff's petition

where it was set forth that the defendant operated his car on the left-hand side of the street, at a speed of 40 miles per hour, striking plaintiff when he had reached a point a short distance south of the center of First Avenue, the assured clear distance ahead provisions of the above section would be invoked. Of course, under the defendant's theory that plaintiff suddenly dashed out from in front of the stopped bus and into defendant's car, supported as it was by many witnesses would remove the applicability of the assured clear distance ahead provisions. The evidence in support of plaintiff's allegations of the petition on this issue of assured clear distance ahead is very meager. In fact, aside from plaintiff himself no other witness presents any testimony on this subject. Plaintiff himself is a little uncertain. Unless it may be said that reasonable minds could arrive at no other conclusion than that claimed by defendant, then the trial court was in error in not charging the assured distance ahead. If we were determining the facts we would have no trouble in finding that the greater weight of the evidence supported defendant's theory, but we are unable to say that as a matter of law plaintiff's theory was not entitled to be considered by the jury. We think that the trial court should have charged both theories. We doubt very much if the trial court had incorporated in his charge instructions on the assured clear distance ahead provisions, it would have made any difference in the verdict as returned by the jury.

However, we are not permitted to speculate on possible results.

We do determine that this ground of error would not necessarily be prejudicial if, under the issue of contributory negligence which we discuss later, the verdict and judgment may be sustained. This is upon the two-issue rule. In the case of **Harper v McQuown** (Greene County), **30 Abs 389**, we held that the two-issue rule was applicable under a situation comparable to the instant case.

The 4th assignment of error reads as follows:

"The court erred in that it allowed the introduction by the defendant, over plaintiff's objection, of ordinance No. 34 of Grandview Heights showing First Avenue to be a 'through street', (Defendant's Exhibit No. 1), and of testimony showing the erecting of signs on intersecting streets, and then refused to allow counsel for plaintiff to cross-examine as to the existence of other signs and markings and of other conditions of circumstances tending to show that First Avenue was not a main thoroughfare and that the scene of the accident was within the business and closely built-up portion of the city of Grandview Heights."

Sec. 6310-30 GC, defines what are main thoroughfares.

Sec. 6310-32 GC, authorizes municipalities by ordinance to make designation of other streets as main thoroughfares. Objection to the introduction of the ordinance was based on the ground that it uses the language "main highway" and "through street" rather than "main thoroughfare". We hold that the trial court was correct in overruling this very technical objection. We see no distinction of substance between "main highway" and "main thoroughfare". For all practical purposes the terms are synonymous. The introduction of this provision of the ordinance was for the purpose of determining the prima facie speed provisions under §12603 GC.

Sec. 6310-32 GC, contained a further provision that in addition to the enactment of ordinances declaring main thoroughfares, it was the duty to erect appropriate signs on the streets and this was done by the municipality. Counsel for appellant complain that the court refused to permit him to cross-examine upon the question of other signs which apparently were special limitations beyond those fixed by statute.

The trial court very properly refused to permit this inquiry on the theory that a special limitation could not be imposed different than was authorized by sections of the Code. The Supreme Court of Ohio has very definitely determined that the statutory provisions on speed are controlling regardless of any attempted change therein by other individuals or entities. Schneiderman v Sesanstein, 121 Oh St 80; Schwartz v Badila, 133 Oh St 441. In the closing lines under the 4th assignment of error counsel for appellant asserts that the scene of the accident was within the business and closely built-up portion of the city of Grandview Heights.

Under §12603 GC, it is provided that 20 miles per hour in the business and closely built-up portion of a municipal corporation shall be prima facie lawful. The trial court determined that the section was not a business or closely built-up portion of the municipality and further instructed the jury that 35 miles per hour was the applicable provision of the section since the street was a main thoroughfare.

Counsel for appellant complain that the trial court erroneously made the determination that the section was not a business section, and further that under any situation it was a question of fact for the determination of the jury. We have no difficulty in determining that in our judgment the trial court was correct in both particulars.

We have no decisions construing the statute as it refers to business sections, but the Supreme Court have defined the language "closely built-up" portions of a municipal corporation. This definition of the phrase "closely built-up" is helpful in determining what is a business section because the two are joined in the same paragraph.

In the case of Community Traction Company v Konte, 122 Oh St 514, the Supreme Court defined the phrase "closely built-up portions of a municipal corporation" as used in §12603 GC as relating to the proximity of buildings to the road or highway rather the proximity of buildings to each other.

Judge Robinson in delivering the opinion makes the observation that where the facts are not questioned it becomes the duty of the court to determine as a matter of law the question of the character of the section in question. This is not a new principle of law, but is universal. It is only the province of the jury to determine disputed facts. If facts are admitted, then a question of law is always presented.

Under the evidence the trial court was absolutely right in determining that the section of the municipality where the accident occurred was not a business portion of the municipality. On First Avenue, both west and east of Broadview where the accident happened, there are a few business buildings, but residences largely predominate. All the buildings, both store buildings and residences, set back from the street a distance of from 12 to 30 feet.

Assignments 5, 6, 7 and 8 raise the same questions in a different form as have been discussed under assignment No. 4. We find no error under the last named specifications.

The 9th assignment of error questions the correctness of special instruction No. 3, given to the jury before argument by the court on request of the defendant. This special instruction reads as follows:

"I charge you, members of the jury, that §15-a of ordinance No. 11-32 of the city of Grandview Heights which is pleaded by plaintiff in his petition, created a preferential but not an absolute right in favor of plaintiff as he was crossing First Avenue. Plaintiff was still under the legal duty of exercising ordinary care for his own safety, and if you find that he failed to exercise such care and that such failure directly contributed to cause his injuries and damage, plaintiff is not entitled to recover and your verdict must be for the defendant."

Section 15-a, being the ordinance referred to, reads as follows:

"The driver of any vehicle shall yield the right of way to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at the end of a block except at intersections where the movement of traffic is being regulated by police officers or traffic control signals."

The authorization and justification for the above given special request is found in the case of **Howritz v Eurove, 129 Oh St 8.** The syllabus in the above case in substance provides as follows: City ordinances which provide right of way on street crossings to pedestrians create a preferential but not an absolute right in favor of pedestrians. Such pedestrian is still under the legal duty to exercise ordinary care for his own safety; and whether he has done so in a particular case is ▮▮▮▮ a jury question where the evidence is conflicting. Counsel for appellant urges that the instant case is easily distinguished from the reported case.

We are unable to so find, but on the contrary it is our conclusion that the case is directly in point on principle and required the court to give the special request before argument.

The 10th assignment of error raises the same question as in the 9th, but in different form. The 10th assignment complains that the court in its general charge made reference to the right of way. We find nothing in the general charge of the court in this particular that is erroneous.

Assignment No. 11. It is urged that the court erred in the general charge with reference to the application of the rule of ordinary care to the rights of the parties in the use of the streets, reference being made to a portion of the charge found at pages 219–220 of the record. It is our conclusion ▮▮▮▮ sion that the court's charge in this particular was absolutely correct and we think full and complete. The gravamen of

appellant's argument rather questions the completeness of the charge than its correctness. Of course this would raise the question of error of omission rather than error of commission. Under such a situation it always becomes the duty of the complaining counsel to call the court's attention to such omissions, and failure to do so waives any claimed error.

We are unable to conclude that the charge as given had any infirmities.

The 12th assignment of error urges that the trial court was in error in giving special instruction No. 4 requested by defendant. This special instruction reads as follows:

"I charge you, members of the jury, even if you find from a preponderance of the evidence that defendant was guilty of negligence but further find that plaintiff was himself guilty of negligence and that his own negligence directly contributed in the slightest degree to cause the injury and damage complained of, plaintiff is not entitled to recover in this action and your verdict must be for the defendant."

The identical question is raised under the 13th assignment in that complaint is made that the court erred in instructions given to the jury in the general charge with reference to contributory negligence. Appellant bases his objection on the argument that there was no evidence of ▮▮▮▮ contributory negligence. We are unable to agree with counsel in this contention. We not only hold that there was evidence of contributory negligence, but in our judgment the trial court would have committed prejudicial error had he declined to charge on this issue. It shall not be our purpose to review all the evidence, but will state our conclusions that the supporting evidence on the question of contributory negligence was very strong and from its character and volume it would be difficult to determine how the jury could find otherwise.

It is true that the uncontradicted evidence of the plaintiff is that before starting across the street he looked in both directions. The Supreme Court has said that in so doing a pedestrian complies with the statutory law, and failure to look again as he proceeds across can not be determined negligence as a matter of law, but is a factual question for the determination of the jury.

In the instant case plaintiff presented no evidence that he looked for oncoming traffic when he got out in the street beyond the bus where looking would be effective. The inference is positive that he could not see east from the curb because the standing bus would interfere with his view. There was evidence that plaintiff turned up his coat collar, pulled down his hat and was proceeding across the street at a very fast gait; that he did not look in either direction and that when he came out from in front of the bus he was in such close proximity to defendant's car that the latter could not stop in time to avoid hitting him.

The greater volume of the evidence supports the defendant's conclusion that the accident happened substantially in this way, and the defense of contributory negligence or sole negligence was necessarily involved. Of course sole negligence would not be an affirmative defense. We find no error under assignment 13.

Assignment of error No. 14 is that the trial court erred in overruling motion for new trial and in entering judgment for the defendant, for the reason that the verdict is not sustained by sufficient evidence and is contrary to law.

The motion for new trial was based on the same grounds as are set out in the separately stated and numbered assignments of error. Having already discussed and determined the several assignments we need not do so again. It is our conclusion that the verdict is adequately sustained by the evidence and the judgment is supported by law.

Finding no prejudicial error, the judgment of the trial court will be affirmed, and cause remanded for carrying such judgment into effect.

Costs will be adjudged against the appellant.

GEIGER, PJ. & HORNBECK, J., concur.

## APPLICATION FOR REHEARING

No 3336. Decided Oct 9, 1941

BY THE COURT:

The above-entitled cause is now being determined on appellant's application for rehearing.

With characteristic earnestness counsel for plaintiff urges a reconsideration of our determination of the cause.

Counsel further criticizes his own efforts and fears that he failed to properly present his argument in his original briefs.

We have no hesitation in saying that there is no justification whatever for counsel's apprehension. We think we did and do fully understand appellant's contention.

Under like reasoning we might say that we have been unable to express ourselves so as to convince counsel of the incorrectness of his views.

Our experience covering a great number of years permits us to very definitely state that such perfection is not possible of attainment.

A man convinced against his will is of the same opinion still.

In looking over the memoranda accompanying appellant's application we are unable to find any new propositions presented. We definitely know that we had all questions in mind before releasing our opinion. We can do no more than ask counsel to make a more careful study of what we have already said.

The case of **Horovitz v Eurove, 129 Oh St, p. 8,** should definitely settle many of the doubtful questions in counsel's mind.

Application for rehearing will be overruled.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.