## SINGLETON v POLSTER

Ohio Appeals, 2nd Dist, Franklin Co

No 2439. Decided March 28, 1935

L. P. Henderson, Columbus, for plaintiff in error.

H. Kohn, Columbus, and William Wasserstrom, for defendant in error.

## OPINION

By THE COURT

The pleadings raised the issues of the negligence of the defendant, contributory negligence of the plaintiff and injuries to the plaintiff. A general verdict was returned for the defendant. Counsel have provided the court with comprehensive and helpful briefs, which we have considered in conjunction with the reading of the record.

Error is prosecuted by the plaintiff, who claims that she was in the employ of the defendant and that at the time when she was injured she was obeying a peremptory order to assist the defendant in getting from her garage in her machine and that,

therefore, contributory negligence does not have application in the sense in which the trial court charged the jury on the subject and that the verdict was manifestly against the weight of the evidence.

We are satisfied that there is no showing in this record of any fact which would require any modification of the law of contributory negligence as is applied in the ordinary damage suit for negligence.

On the morning in question the plaintiff was attending the defendant under an arrangement which had been observed for some time. It was the common practice for the plaintiff, as an incident to her duties and probably as an accommodation to her employer and generally by her requst, to assist defendant in getting her car out of the garage by direction and particularly to close the doors of the garage after the defendant had left. On the morning of the accident plaintiff was acting at the specific request of defendant. Under this condition then, it became a factual question whether or not defendant was negligent in the manner in which she operated her car when the plaintiff was caught, under all the circumstances, and likewise whether or not the plaintiff exercised ordinary care, under all the facts in the case.

The court properly presented the law of the case to the jury. Inasmuch as there was an issue as to the negligence of the defendant and the contributory negligence of the plaintiff, and we have a general verdict, which does not enable us to determine upon which issue the jury found for the court, if it can be sustained upon either issue we must support it. We are satisfied that it can be sustained upon either or both issues.

There was such marked conflict in the testimony as that the jury, acting in its province in weighing the facts, could have found for or against the plaintiff. We would not support this verdict if it were necessary to find that the jury held that the plaintiff was not injured, because we believe that she was injured in some degree, the extent thereof being for the jury, had they found for the plaintiff.

Independent of any other question the case is clearly controlled by the two issue rule. Hornbeck & Adams Trial & Appellate Practice, page 198.

The judgment will be affirmed.

KUNKLE, PJ, HORNBECK and BARNES, JJ, concur.