## CRAWFORD, Admr. v TARVIN

Ohio Appeals, 2nd Dist, Darke Co

No 562.   Decided June 1, 1939

Orel J. Myers, Greenville, for appellant.

Maher & Marchal, Greenville, for appellee.

## OPINION

By GEIGER, J.

This action arose in the Court of Common Pleas where the trial, before a jury, resulted in a general verdict for defendant.

Notice of appeal, from the judgment rendered by the Court on the verdict of the jury, on questions of law was given and such steps taken as to properly lodge the case in this court.

The amended petition alleges that the plaintiff is the administrator of Clarence Dale Crawford who died on the 1st of November, 1936; that on November 1, 1936, the defendant was driving his automobile in a southerly direction on State Highway No. 127 in a negligent manner; that the plaintiff's decedent was riding a bicycle in a southerly direction on the right edge of the cement highway in a careful manner; that the defendant was negligent in nine particulars enumerated in the petition which we summarize as follows: That he was operating his au-

tomobile at an excessive rate of speed in excess of 60 miles per hour; that he failed to stop or abate the speed or divert his course so as to avoid the bicycle upon which the decedent was riding; that he failed to have his automobile under control and failed to keep a proper lookout for the presence of the bicycle; that he was negligent in operating his automobile at a speed greater than was reasonable and proper and failed to give any warning of his approach from the rear and was operating his automobile at a speed greater than would permit him to stop within the assured clear distance ahead; that he failed to give any warning of his approach from the rear, but without warning, allowed his automobile to strike the bicycle ridden by the plaintiff's decedent causing the damage complained of.

It is alleged that through the direct and proximate result of the negligence of the defendant his car was allowed to strike the bicycle on the left hand side with such force that it was knocked from under the rider who received injuries from which he died instantly; that the decedent was then 16 years of age.

To this petition the defendant answers admitting certain facts incident to the accident and further alleging that the accident was due to the sole negligence of Crawford who propelled his bicycle suddenly to the left directly in the path of the defendant's automobile without warning or signal and without observation to determine the presence of the defendant.

After the verdict for the defendant, a motion for new trial was filed by the plaintiff for reasons enumerated in said motion, to the effect that the verdict was not sustained by the evidence and was contrary to law; that the court erred in its charge to the jury and in admitting and excluding evidence; because of newly discovered evidence and for other errors. This motion was overruled and final judgment entered.

No formal assignment of errors is found, but the errors complained of sufficiently appear in brief of counsel.

The evidence discloses, in substance, that on the afternoon of November 1st, 1936, the plaintiff's decedent and several boy companions were engaged in a speed contest on a portion of State Highway No. 127 at a point above five miles south of Greenville. The evidence discloses that the portion of the highway upon which the speed tests were being made by the boys was four hundred feet in length; that the contestants rode south four hundred feet, then turned and rode back the same distance, making the total course eight hundred feet outside of the footage consumed in the turn. It appears that one boy who had passed over the full course did it in thirty-six seconds. The point at which the accident occurred was approximately the point selected to make the turn. The evidence developed that the decedent had made the full south going leg of the course and had reached the turning point in eighteen seconds. Then the accident occurred.

At that time Charles Tarvin was driving south on the highway when he observed and attempted to pass the decedent who was then riding his bicycle on the west edge of the cement roadway, being his proper position. It was a rainy day and the evidence as to the speed at which the automobile was being driven is not in harmony. As the automobile of the defendant was passing the bicycle there was a collision which resulted in the death of the boy. Evidence was introduced on behalf of both plaintiff and defendant as to the cause of the accident. It is claimed by the plaintiff that the driver of the automobile remained on the right hand side of the center line of the highway, which was approximately 24 feet in width and that his right front fender caught the base upon which the bicycle rests, when not in use, the impact causing the bicycle to whirl, throwing the boy against the side of the automobile in such a manner that the handle of the door penetrated his skull back of his right ear.

The testimony of the defendant tends to show that the boy, in riding the bi-

cycle, was leaning forward riding fast and giving no signal of his intention to alter his course, and as the automobile was about to pass, ne propelled his bicycle to the left in order to make the turn for a return trip to the north; that he drove the bicycle against the fender of defendant's car and was thrown against the right front door, which resulted in his death. The defendant denies the claim of the plaintiff that the defendant's car struck the rear standard of the bicycle. The defendant claims that the evidence shows that the boy, without warning, propelled his bicycle sharply to the left and against the defendant's car.

Inasmuch as the defendant's attack is directed largely against the general charge of the court, we will briefly note its important features, which are pertinent to the issues made.

The court recites the allegations of the pleadings and instructed the jury that the burden is upon the plaintiff to establish his claim by a preponderance of the evidence. The court gives the usual instructions as to what is negligence and that it is never presumed but that it is presumed that the acts of all persons at all times are free from negligence, which presumption prevails until it is overcome by a preponderance.

The court then takes up seriatim the various allegations of negligence, instructing properly as to speed.

The Court also instructed properly as to the claim of negligence in the failure of the plaintiff to stop his automobile or abate its speed or divert its course, and also correctly instructed as to the alleged negligence due to lack of control.

A point specially stressed by plaintiff is the alleged negligence of the defendant in that he, as he approached the rider, failed to give any signal of his approach. The Court instructed the jury that upon that claim the jury was to determine whether or not a signal was given and stated that if it was not given that fact would constitute negligence. The Court then instructed the jury as to the assured clear distance ahead, stating that in determining the assured clear distance ahead the driver of the automobile, as he approached the point of collision, had the right to assume that the rider of the bicycle would obey the law governing the vehicle upon which he was riding. The jury was further instructed that if defendant was driving at a greater speed than would permit him to stop within the assured clear distance ahead, it would then be an act of negligence; that if he was not so driving his automobile, he would not be negligent. The Court specially instructed the jury as to the statutory duty of the driver of the automobile as he was about to pass the rider of the bicycle and as to the duty of the rider of the bicycle when overtaken by the automobile. The Court stated the driver of an overtaken machine shall give way to the right in favor of the overtaking vehicle on suitable and audible signal and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle. The Court then states that after having considered the grounds of negligence the jury will determine whether or not the defendant was negligent in one or more of the claimed acts of negligence.

"And if you find that the defendant was not negligent in any of the claimed acts of negligence, your deliberations are at an end and your verdict should be for the defendant. But if you find that the defendant was negligent in one or more of the ways claimed, you will then proceed to consider whether or not such act or acts of negligence was or was not the proximate cause of the collision or injury."

The Court instructed that it is only in the event that the act of negligence is the direct or immediate cause of the collision and injury, that the defendant is liable.

"Therefore, if you find that the defendant was negligent but that such negligence was not the proximate cause of the collision and injury, again your

deliberations are at an end and your verdict should be for the defendant."

We are unable to detect any error in the instructions of the Court in reference to the alleged negligence upon the part of the defendant. The Court charged well established principles.

We now approach that portion of the charge which is under special condemnation of the plaintiff. The Court proceeds:

"If you find that the defendant was negligent and that such negligence was the proximate cause of the collision and injury, you will then proceed to determine whether or not the plaintiff's decedent was negligent; that is, as to whether any act of his contributed to the collision and injury."

The Court states that contributory negligence never arises unless the jury finds that the defendant was guilty of some negligence which **directly caused** the accident. The jury was instructed that when they come to the point where they have found negligence upon the part of the defendant;

"The burden of showing contributory negligence rests with the defendant. The defendant must show that the plaintiff is guilty of some contributory negligence directly causing the accident by the preponderance of the testimony in the case. It is also a provision of the law that if the testimony of the plaintiff's own witnesses raises any presumption of contributory negligence upon the part of the plaintiff, then it becomes the duty of the plaintiff to **remove** that presumption, but with that exception the rule is as I have already said, that the contributory negligence must be shown by the preponderance of the testimony upon that subject." (Emphasis ours).

The Court points out that the claimed act of negligence which contributed on the part of the driver of the bicycle was that he drove his bicycle suddenly to the left and directly in the path of the automobile without warning and without making observation to determine the presence of the defendant and the Court correctly charges as to the duty of one changing his course across the highway; and further charges:

"If, therefore, the plaintiff's decedent changed his course without giving a signal or without being sure that the course could be changed safely, he would be guilty of negligence; and, if such an act or acts of his was or were the **proximate cause** of the collision and injury, it would then be contributory negligence on the part of the plaintiff and would prevent his recovery."

"Now, Members of the Jury, if you find that there was negligence on the part of the defendant, and that such negligent act was the proximate cause of the collision and injury, but if there was contributory negligence on the part of the plaintiff's decedent, the plaintiff in this case could not recover. But if there was negligence on the part of the defendant which was the proximate cause of the collision and injury and no contributory negligence on the part of plaintiff's decedent, it then becomes your duty to find a verdict in favor of the plaintiff."

The Court then inquired, "Is there anything else Gentlemen?" and after a conference he further instructed the jury that a vehicle overtaking another shall signal to the vehicle to be overtaken and such vehicle shall immediately turn to the right to give the overtaking vehicle room to pass; that the driver of the automobile as he approached the overtaken bicycle should have given a signal that he was approaching and intending to pass, "and if he failed so to do, it would be an act of negligence."

No other special instructions were requested by either party.

An earnest attack is made by counsel for plaintiff upon the charge of the Court as to contributory negligence, it being asserted that there is no claim of contributory negligence in the answer

(which is true) and further that the evidence did not develop any facts justifying a charge on contributory negligence. There is doubt as to this point. (See record). If there was no claim of contributory negligence in the answer and if the evidence did not develop anything justifying a charge on this point, the charge as to contributory negligence would be prejudicial.

However, there is testimony in this case that the boy, riding the bicycle on the right hand side of the cement road, turned to his left in the direct path of the passing automobile wthout giving a signal or warning of his intention to do so and without ascertaining whether he could make the turn in safety. If the evidence is pertinent to show contributory negligence then it is proper for the court to charge the same, even though there was no such allegation in the answer. Hornbeck and Adams Appellate Practice, 196. **Cincinnati Traction Co. v Young, 115 Oh St 160.**

"(1) In an action of negligence where the answer of the defendant contains a general denial and an averment that 'death of the deceased was caused wholly and solely through his own negligence and fault and without any fault whatever on the part of the defendant' and evidence is introduced at the trial by each party in support of its claim, from which the jury might properly find that both defendant and deceased were negligent in such material matters as combined to produce the proximate cause of the injury, it is the duty of the Court to instruct the jury as to the law governing the situation thus developed; and it is error for the court to charge the jury that contributory negligence is not in the case.

"(2) In such case the issue of contributory negligence is not made by the pleadings, but is raised by the evidence properly offered by the parties in the support of their respective claims as made in the pleadings. The issue of contributory negligence thus raised is to be determined by the same rules as to burden of proof and otherwise as

if made by the pleadings." **Coal Co. v McFadden, 90 Oh St 183.**

This is a very interesting case and is well worth reading, but we will not quote further from it.

It was held by the Court of Appeals of this District:

"Contributory negligence may arise as an inference from plaintiff's own evidence and be recognized as an issue in the case although not pleaded by defendant." **Rohr v Traction Company, 12 Oh Ap 275.**

"Where the question of contributory negligence is brought into the trial of a case, either by the pleadings supported by the evidence, or by the evidence alone, it is the duty of the court to charge upon such question and submit it to the jury." **Cleveland R. R. Co. v Heller, 15 Oh Ap 346.**

"Though the pleadings do not raise the question of contributory negligence, if it becomes issue by virtue of evidence, court must charge thereon." **Konenberg v Whale, 21 Oh Ap 9th syllabus.**

Some question is raised as to which side has the burden of showing contributory negligence.

"Where the testimony of the plaintiff raises a clear presumption of negligence on his part whicn directly contributed to his injury and no testimony is offered by him tending to rebut that presumption, it is the duty of the trial court to sustain a motion by the defendant, made at the conclusion of the plaintiff's evidence to direct a verdict and the refusal to do so is error." **R. R. Company v McClelland, 69 Oh St 142.**

Spear, J. delivering the opinion of the Court quotes with approval at page 158,
"also that where the plaintiff's own testimony raises the presumption of contributory negligence the burden rests upon him to **remove** it."

It may be noted in passing, for reference at another point, that the syl-

702

labus in this case uses the expression "presumption of negligence on his part which directly contributed to his injury." It should also be noted that Judge Spear states that in case of contributory negligence rising from the plaintiff's own testimony the burden rests upon him to remove it.

The Court in its charge says,

"Then it becomes the duty of the plaintiff to remove that presumption."

"Where both plaintiff and defendant were negligent, and the negligence of both directly contributed to produce the injury, the plaintiff has no right to recover." **Drown v Traction Co., 76 Oh St 234.**

It will also be noted in this case that the phrase "directly contributed" is used without any direct reference to "proximate cause". The charges that were erroneously refused appear in the statement of the case,

"If the jury find from the evidence that the plaintiff through his agent Hardy and the defendant were both negligent and that the negligence of both directly contributed to cause the injury complained of in plaintiff's petition, then your verdict should be for the defendant."

"If the jury find that the negligence of both plaintiff's agent and the defendant combined so as to directly cause the injury complained of by plaintiff, then your verdict should be for the defendant."

It will be noted that neither of these charges have any reference to "proximate cause", except so far as it may be inferred from the phrases "directly contributed to cause" used in one charge and "directly cause" used in the other.

"But if the plaintiff's own testimony in support of his cause of action raises a presumption of such contributory negligence, the burden rests upon him to remove that presumption." (Empha-

sis ours). **R. R. Co. v Whitaker, 35 Oh St 627.**

It will be here noted again that the court has held that the burden rests upon the plaintiff to remove the presumption.

In the case of **Norris v Jones, 110 Oh St 598, at page 603,** the Court, through Judge Allen delivering the opinion says:

"It will be observed that the motion made by the defendant was partially predicated upon the theory that the burden of proof in contributory negligence rests upon the plaintiff. This is not the rule in Ohio. However, it is the rule in Ohio that when the plaintiff's evidence raises a clear presumption of contributory negligence which is not rebutted by any evidence. it is the duty of the Court to take the case from the jury."

See 29 O. Jur. p. 659 under the title "Where Plaintiff's Testimony Raises Presumption of Contributory Negligence."

Another attack made by counsel for defendant is that the Court charged in reference to the negligence of the defendant that such negligence should be the **proximate cause** of the accident and that in speaking of contributory negligence of the plaintiff, the Court omitted to make reference to "proximate cause". This does not seem to be a correct analysis of the court's charge. It is true that at a number of places where contributory negligence was referred to the phrase "proximate cause" was omitted and the phrases, "contributed to", "directly cause", "combining, caused" and "directly caused" are used in connection with contributory negligence upon the part of the plaintiff, but the court also stated, in speaking of the change of course upon the part of the decedent, without giving a signal,

"And if such an act or acts of his was or were the **proximate cause** of the collision and injury it would then be

contributory negligence on the part of the plaintiff and would prevent his recovery."

Also the Court in giving a definition of "contributory negligence' includes the term "proximate cause".

We do not feel called upon to differentiate between the term "proximate cause" and the other expressions used by the Court, as above set out. "Proximate cause" is a well recognized phrase used by Courts in charging juries, but we can not say that it can not equally well be covered by some other phrase such as that used in the charge, nor can we hold that even though the phrase "proximate cause" was necessary in order to make a correct charge that its omission in some places, where given in others, would constitute error.

Counsel also complains that the Court failed to give any charge in reference to the extreme youth of the boy riding the bicycle. It will be recalled that the Court inquired of counsel whether they had anything else to suggest and they remained silent. No doubt had counsel requested a special charge appropriately covering negligence of a young boy it would have been given, but having failed to request it the omission is not prejudicial error.

Some complaint is made on the part of the defendant that the Court did not correctly charge that the defendant was obliged to give a signal as he approached and passed the boy on the bicycle. The evidence on this point is not in harmony, some claiming that he did give such signal and others that he did not and the Court gave the charge as to his duty and stated that if he did not give such signal, he was guilty of negligence. The matter was entirely up to the jury, to apply the court's charge as to the evidence.

### TWO ISSUE RULE

We turn our attention to the two issue rule. The first issue is whether or not the defendant was guilty of negligence which proximately caused the injury to the decedent. We discover no error in the court's charge in reference to that issue. The second issue was made by the injection into the case of contributory negligence and the jury was instructed that if the decedent himself was guilty of contributory negligence, there could be no recovery. That is a different issue from that made by the allegation of the defendant's negligence.

"In a suit to recover damages for personal injuries on the ground of negligence, the allegation of the defendant's negligence in the petition and the allegation of plaintiff's contributory negligence in the answer constitutes separate and distinct issues to which the so-called two issue rule as defined in **Sites v Haverstick, 23 Oh St 626** and subsequent cases has full application." **Kneisley v Community Traction Co., 125 Oh St 131.**

It is true that this syllabus contains the phrase "and the allegation of plaintiff's contributory negligence in the answer." There is no such allegation in the answer in this case. but the issue may be raised from the evidence without being plead and we find no reason to discard the authority of the Kneisley case because it refers to a case where the issue is made by the pleading rather than by the evidence.

"1. Where the jury, by their verdict, 'find the issues joined in the cause' in favor of one of the parties, this is to be taken as a verdict finding each and all of the issues therein for such party."

"2. In such case, if the issues are such that a finding of either of them in favor of the successful party entitles him to the judgment rendered, the judgment will not be reversed for error in the instructions of the Court relating exclusively to the other." **Sites v Haverstick, 23 Oh St 626.**

704

This rule has long been established and followed in the State of Ohio and as Chief Justice Marshall says in his opinion in the Kneisley case:

"It is purely and solely a question as to whether the trial court will be held to a strict accountability to submit each and every issue in a case free from error, or whether, on the other hand, if one issue complete in itself as a cause of action or defense is submitted free from error, and there is nothing to indicate upon which issue a general verdict is grounded, other issues may be disregarded. The rule was designed to simplify the work of trial courts and to limit the range of error proceedings."

See **Singleton v Polster, 19 Abs 531; Hines v Office, 21 Abs 553.**

. It follows from the consideration of the two issue rule that even if there was prejudicial error in the charge of the Court in reference to contributory negligence, yet there being no error in his charge in reference to the liability of the defendant due to his negligence and the verdict being a general one, that the possible error in one issue will not vitiate the judgment of the court.

We have been greatly aided by excellent briefs of counsel and have appreciated their earnest oral presentation of the matter. We, of course, regret the untimely death of an active young boy, but at the same time must be guided by what we understand to be the law governing this case.

Since writing the above opinion we have had our attention attracted to the case of **Smith v Zone Cabs,** decided by the Supreme Court May 24, 1939, **135 Oh St 415.** We have carefully examined this case and find nothing in it to militate against our opinion.

Judgment affirmed. Cause remanded.

HORNBECK, PJ. & BARNES, J, concur.