**CHEVALLEY, Plaintiff-Appellant v. DEGAR, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 1744.  Decided February 17, 1943.

Frank Krehbiel, Dayton, for plaintiff-appellant.
Landis, Ferguson, Bieser & Greer, Dayton, for defendant-appellee.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Montgomery county, Ohio.

Plaintiff's action was one for personal injuries claimed to have been sustained on the crosswalk on the west side of Main Street at its intersection with Second Avenue. At the time of the action plaintiff was a minor and the suit was instituted in her name by her father as next friend. For a short period of time she had been employed at Rike's store, and on the afternoon of June 7, 1940, at about 2:30 P. M. she had completed her work and was walking across Second Avenue at the place designated for pedestrians, moving in a southerly direction towards Gallahers' store. The defendant was driving an automobile in a northerly direction on Main Street. According to the testimony, when she reached Second Street the light was against her and she stopped until such time as the traffic light turned green for her. She then pulled up into the intersection to its center and at the place designated under the city ordinance, and stopped for the change of the light so that she might proceed westwardly on Second Street. There was a conflict in the evidence as to whether or not the traffic light was green for the east and west traffic at the pedestrians' crosswalk, or green for the pedestrians. Whatever it may have been, it is inferrable that the change very shortly preceded the accident. A few pedestrians at the northwest corner of the intersection of Main and Second Streets waited for the light to change so that they might proceed southwardly across Second Street. The plaintiff moved out ahead of other pedestrians. She states that she looked for automobile traffic before starting across and also looked and observed that the light was green for her. After she had taken a few steps she came in contact with the automobile driven by the defendant. There was also a conflict as to what part of the car plaintiff came in contact with. Some witnesses, including the plaintiff, said that she was struck by the bumper; other witnesses, including the defendant and her daughter who was in the car with her, testified that she came in contact with the right front fender. Plaintiff's arm was scratched and at the time she did not think she was hurt much. The defendant promptly stopped her car and gave her name and address to the plaintiff.

The petition contained a number of claimed negligent acts on the part of the defendant. The only one to which any evidence was directed was the claim that she went into the crosswalk against a red signal. The defendant in its answer denied all claimed acts of negligence set out in the petition and as a second defense, averred contributory negligence. The case came on for trial before a jury and resulted in a verdict for the defendant.

Counsel for appellant sets up five separately stated and numbered specifications of error. Only a few of these are pressed in the brief of counsel for plaintiff. The trial court, on request of attorneys for the defendant, gave to the jury before argument several special instructions on questions of law. The claim is now made that two were erroneous. This claim is relied upon as the sole ground for reversal.

One of the claimed erroneous instructions reads as follows:

"I instruct you that it was the duty of the plaintiff. Abigail Chevalley, in looking for approaching automobiles to look at a time and place and in a manner that such looking would be effective. If you find that she failed in the exercise of this duty and that such failure was the proximate cause or one of the proximate causes of the accident and her injuries, then she cannot recover in this action and your verdict must be for the defendant, Beulah Deger, regardless of what she did or failed to do."

Counsel for appellant's objection to this special request is based on the claim that it throws the burden entirely upon the plaintiff, irrespective of any other causes that may have intervened to prevent her from seeing the approaching automobile, further claiming that its language would be construed by the jury as an instruction that the plaintiff was guilty of negligence if she did not see the automobile and therefore could not recover. We are unable to so construe the special instruction, although we have some doubts as to the propriety in giving it. It does not conform to the usual instruction at street crossings. The Supreme Court has said that as a matter of law it is the obligation of a pedestrian, before stepping on the street at an intersection, to look in both directions for vehicular traffic, and whether or not such pedestrian should again look, in the exercise of ordinary care, is a question for the jury under proper instructions. The portion of the special request requiring a pedestrian to look in such a manner that such manner would be effective is a correct statement of the law. This principle is founded upon a rule of reason to take care of known situations that neither vehicles nor pedestrians are able to complete the crossing during the period that the light is in their favor. If either the motor vehicle or pedestrian properly enters an intersection or crosswalk with the light in their favor, each should be permitted to clear, but required to exercise ordinary care, not only for their own safety but for the safety of others who may be in their path. In the instant case the jury in answer to interrogatories 1 and 2 stated that the plaintiff did not see defendant's automobile, and in answer to interrogatory No. 2 said that had she, in the exercise of ordinary care, looked, she could have seen it. These findings of the jury, based upon proper instructions from the court, would unquestion-

ably defeat plaintiff's right of recovery. However, it is urged that the jury acted upon a wrong premise due to the claimed erroneous special instructions given to the jury before argument.

The next special request complained of reads as follows:

"I charge you that it was the plaintiff's duty while crossing the street at this point to use ordinary care for her own safety and that duty required her to use ordinary care in the use of her faculties of sight and hearing to observe the movement of automobiles at that point. If you find that she failed in the exercise of ordinary care for her own safety to see or hear the defendant's automobile before she stepped toward the path of that automobile and such failure upon her part was the proximate cause, or one of the proximate causes, of the accident, then she can not recover in this action and your verdict in that event must be for the defendant, Beulah Deger."

The only possible objection to this special request was that part wherein the court stated "that duty required her to use ordinary care in the use of her faculties of sight and hearing to observe the movement of automobiles at that point".

It might be inferable that the jury would get the impression from this part of the instruction that it was the duty of the plaintiff to look continuously. Of course, it would be improper to state to the jury as a matter of law that a pedestrian is obligated to look continuously for approaching vehicular traffic. The court may properly state to the jury that this is a question for determination by the jury under all the facts and circumstances of the case. The purpose of our observation is to answer as a guide in future litigation. Counsel for defendant with plausibility urge that, regardless of the correctness of the special requests as given, the verdict of the jury must stand upon the theory of the two-issue rule. They cite the recent case of **Karle v The Cincinnati Railway Company, 69 Oh Ap 327** (Ohio State Bar Report, September 14, 1942).

Our court on June 1, 1939, in the case of **Crawford, Admr. v Tarvin, 29 Abs 697,** made a pronouncement as to the two-issue rule in negligence actions, where the two issues involved were claimed negligence on the part of the defendant and contributory negligence on the part of the plaintiff. In our decision we quoted from and followed the case of **Knisely v Traction Co., 125 Oh St 131.** Syllabus 1 in the Knisely case reads as follows:

"1. In a suit to recover damages for personal injuries on the ground of negligence, the allegation of defendant's negligence in the petition, and the allegation of plaintiff's contributory negligence in the answer, constitute separate and distinct issues to which the

so-called two-issue rule, as defined in **Sites v Haverstick, 23 Oh St 626**, and subsequent cases, has full application."

Marshall, C. J., delivered the opinion, and therein gave a very complete history of the development of the two-issue rule. Solely in the interest of shortening this opinion, we refrain from copying, but would refer counsel to so much of the opinon as refers to the two-issue rule, starting on page 133 and continuing to the middle of page 134. This case, as well as our opinion in the Crawford case, supra, are directly in point and compel us to say that the two-issue rule prohibits any relief to appellant even if it would be admitted that the court erred in giving the special request before argument. These requests related wholly to the question of contributory negligence.

Searching the record we find no prejudicial error as it relates to the issue of defendant's negligence. We are unable to determine whether or not the jury's verdict was based in part on their determination that the defendant was not guilty of any actionable negligence.

Finding no prejudicial error, the judgment of the trial court will be affirmed and costs in this court will be adjudged against the appellant. Cause remanded for collection of costs and such other proceedings as may be required by law.

GEIGER, P. J., and HORNBECK, J., concur.