**BACHMAN, Plaintiff-Appellant, v AMBOS, Defendant-Appellee.**

Ohio Appeals, Second District, Shelby County.

No. 140.   Decided October 30th, 1947.

H. K. Forsyth and U. H. Doorley, both of Sidney, for plaintiff-appellant.

Taylor Cummins and R. E. Boller, Jr., both of Sidney, for defendant-appellee.

**OPINION**

By THE COURT

This is an appeal on law from a judgment on the verdict entered by the Common Pleas Court of Shelby County, Ohio, in favor of the defendant.

The plaintiff-appellant brought an action for damages arising out of a collision between the plaintiff's Ford and the defendant's truck, which occurred on September 20, 1944, at 7:30 A. M., on a public highway in Shelby County, Ohio, which extends in an easterly and westerly direction. The plaintiff alleged that as he was driving his Ford coach in an easterly direction on the right or south side of said highway, the defendant who was driving his light pick-up truck in a westerly direction, upon approaching the point of collision, suddenly swerved his truck from the north side to the south side of the highway, and without reducing its speed, and without keeping a proper look-out for approaching vehicles on the highway, crashed into the plaintiff's automobile.

The defendant in his answer and cross-petition denied any negligence on his part, charged the plaintiff with contributory negligence, the specific charge of negligence against the plaintiff being that the plaintiff abruptly swerved his automobile from the south or his right side of the highway, across the center line to the north side, or defendant's right side of said highway; that plaintiff while facing a low, rising sun failed to maintain a lookout for other vehicles, and after seeing the defendant's truck, failed to stop, reduce the speed, or

change the course of his automobile in time to avoid a collision. In his reply the plaintiff denied the essential allegations in defendant's answer and cross-petition. The jury returned a general verdict for the defendant upon which the Court entered judgment. The appellant has assigned seven separate grounds of error, several of which are related and may be considered together.

The appellant contends the trial court committed prejudicial error in permitting counsel for the defendant to interrogate the plaintiff on cross-examination, over objection, relative to prior automobile accidents, and that counsel for defendant was guilty of misconduct in conducting the cross-examination of the plaintiff.

The record of the examination is as follows:

Q. Have you been involved in other automobile accidents?
MR. FORSYTH: Object.
COURT: Overruled.
Q. Have you been involved in other automobile accidents?
MR. FORSYTH: Object.
COURT: Overruled.
A. No, I haven't—no serious automobile accidents.
Q. No serious automobile accidents? Have you been involved in minor automobile accidents?
MR. FORSYTH: I object to all this line of questioning.
COURT: Overruled.
Q. Go ahead and answer.
A. Not that I recall of any. I got bumped into in Jackson Center—
Q. Didn't you have an accident in Maplewood?
MR. FORSYTH: I object.
COURT: Overruled.
A. That was not intentional—

The general rule is that evidence relating to prior accidents is inadmissible. 17 O. Jur. 233. But it is claimed that under an exception to the general rule such evidence is admissible to show a dangerous condition or defect. **Brewing Co. v Bauer, 50 Oh St 560; Cottman v Federman Co., 71 Oh Ap 89; Hiller v Shaw, 45 Oh Ap 303, 307.** The questioning relative to prior accidents followed an examination of the plaintiff relative to his impaired vision. The medical testimony shows that plaintiff's vision without glasses was 20/400, and with glasses 20/70, or about one-third normal vision. In Hiller v Shaw, supra, on page 307, Judge Sherick stated:

"It is claimed that the trial court erred in the rejection of evidence. Upon cross-examination of the defendant in

error, this question was asked, "Have you ever had any other automobile accidents except this one?" An objection was interposed thereto, and was sustained. An exception was then noted. To our notion this question was proper. This was cross-examination. It might have led to proof that the plaintiff's admitted impaired vision had caused prior accidents of like kind, from which it might be reasonably inferred that this collision was all or in part due to the same cause. The jury had a right under the defense made to weigh any such probability and indulge any reasonable inference therefrom. We are able to conjecture situations where it might be negligence for one of impaired vision to drive an automobile at any time."

In the case at bar the evidence relative to prior accidents was admitted, but counsel did not offer such evidence for a limited purpose, and the Court did not so instruct the jury. A general objection was interposed which was overruled. In Cottman v Federman Co., supra, it was held that while "It is better practice to limit the evidence at the time it is received, with or without a request, the failure to do so does not constitute prejudicial error if after request the Court properly limits it in its general charge." In the case at bar the Court did not limit the evidence in its general charge, and made no comment in regard thereto. In Brewing Co. v Bauer, supra, it is stated in the syllabus that the jury should be so instructed at the time the evidence is received. But in that case the record shows that the jury was instructed at the time the evidence was received and, therefore, no question was raised relative to the omission to limit the evidence at the time it was introduced. The Court in Jaffe v Powell, 121 Oh St 355, on page 360, quotes with approval the syllabus in the case of Brewing co. v Bauer. In the instant case the evidence was received generally. The admission of such evidence generally was erroneous and would constitute reversible error but for the application of the "two issue" rule. The record does not disclose upon which issue the verdict was based, and no error is disclosed in presenting or submitting the issue of the defendant's negligence. The evidence relates to the issue of contributory negligence. In view of the defense of contributory negligence and a general verdict, without interrogatories, the "two issue" rule is applicable. Knisely v Community Trac. Co., 125 Oh St 131; Binder v Youngstown Ry. Co., 125 Oh St 193; Kihlken, Admr., v Barber, 129 Oh St 485; Moody v Vickers, 79 Oh Ap 218, 230; Chevalley v Degar, 39 Abs 301.

The charge of misconduct of counsel was based on a question put to the plaintiff on cross-examination immediately following his examination relative to prior accidents. The record is as follows:

Q. Has not your insurance been cancelled on your car as a result of this accident?

MR. FORSYTH: I object and ask that the Jury be specifically instructed to disregard the question. It's said only to prejudice the case. I should ask for a mistrial!

COURT: Sustained.

Q. That's all.

The question being objected to and the objection sustained, we fail to find any misconduct of counsel which tended to prejudice the minds of the jurors and prevent a fair trial. The rule that reference to insurance is prejudicial does not apply here. The rule applies where it is attempted to show that there is an insurance policy to indemnify the litigant against loss. The question raised does not fall within the rule.

Plaintiff claims error was committed in admitting evidence which tended to impeach the testimony of the plaintiff without first laying the proper foundation. On cross-examination plaintiff was asked whether he had ever made a statement to anyone, without specifically mentioning the person, time or place, that the sun was shining in his eyes and that he became confused by it. The plaintiff answered: "I did not." A witness was called by the defendant who testified that the plaintiff had stated to him that "the sun was in his eyes." One of the specifications of negligence in the defendant's cross-petition was that the "plaintiff, while facing a low, rising sun, was proceeding east on said highway, failed to maintain a look-out to observe approaching vehicles." In view of this charge of negligence in the cross-petition it was proper for the defendant to present this evidence in making out his case. Declarations or admissions against interest may always be given in actions against the declarant. 17 O. Jur. 300. No foundation for the admission in evidence against a declarant, of his own declaration against interest, is necessary. 17 O. Jur. 303; DeGroodt v Skrbina, 111 Oh St 168, 114. In our opinion the evidence presented by the defendant is competent and would have been admissible without the cross-examination of the plaintiff on the subject.

It is claimed that the Court erred in refusing appellant's request at the end of the general charge, to charge on "sudden

emergency." The record does not show that counsel formulated a specific charge on this subject or presented any definite proposition of law applicable to the issue presented. In order to predicate error upon the Court's refusal to charge as requested, if the charge as given is correct and not misleading to the jury, such omission must be called to the attention of the Court, and there must be some specific rule of law formulated and presented. 39 O. Jur. 1008-1010; Cincinnati Traction Co. v Lied, 9 Oh Ap 156, 160; Haley v Dempsey, Exr., 14 Oh Ap 326 (Motion to certify to Supreme Court overruled, 19 O. L. R. 155). See also Portney v Frank, 77 Oh Ap 357, and cases therein cited.

This case was thoroughly tried; the parties were represented by competent counsel. We have carefully considered all the evidence. There was a conflict in the evidence on the important issues presented. The factual situation presented a case for the consideration of the jury. The jury resolved the evidence in favor of the defendant. There is ample evidence to support the verdict. We cannot say, after consideration of the entire record, that the verdict is not sustained by sufficient evidence; neither can we conclude that the verdict and judgment thereon are contrary to law. Judgment affirmed.

WISEMAN, P. J., MILLER and HORNBECK, JJ, concur.