**Kenneth C. SEGAL, Plaintiff-Appellant,**
**v.**
**Charles L. COOK, Defendant-Appellee.**
**No. 15313.**

United States Court of Appeals
Sixth Circuit.
March 19, 1964.

Joseph A. Segal, Cincinnati, Ohio, David W. Goldman, Paxton & Seasongood, Cincinnati, Ohio, on brief, for appellant.

Edward J. Utz, Cincinnati, Ohio, Pogue, Helmholz, Culbertson & French, Cincinnati, Ohio, of counsel, for appellee.

Before CECIL and EDWARDS, Circuit Judges, and BOYD, District Judge.

PER CURIAM.

Plaintiff appeals from a jury verdict for the defendant rendered in relation to an automobile accident wherein plaintiff claimed a back injury.

The suit arose out of a collision where a truck driven by defendant struck the rear of plaintiff's automobile when it stopped at a red light.

The factual disputes which bore on the issue of negligence and contributory negligence pertained to how far before the red light intersection plaintiff overtook and passed defendant and returned to the same (curb) lane in which defendant was traveling.

Plaintiff contended the passing took place two-tenths of a mile before the intersection, and that defendant negligently ran into him and wrecked the rear of his car. Defendant testified that it occurred three car lengths before the intersection; that plaintiff invaded his clear distance ahead by cutting back in front of him and stopping; that he didn't quite have time to stop, but that damage was negligible.

On this record the negligence and contributory negligence issues were plainly for jury determination.

Appellant, however, claims prejudicial error in the admission of certain evidence and the refusal to admit other evidence.

The first ruling on evidence complained of by plaintiff-appellant pertains to admission by the trial judge of evidence of other accidents in which plaintiff had been involved.

■■ Generally, of course, evidence of other accidents is not admissible on the issue of negligence. Bachman v. Ambos, 83 Ohio App. 141, 79 N.E.2d 177 (1947). Here the evidence was admitted because of defendant's claim that these accidents could be causally related to the back injury suffered by the plaintiff. Testimony irrelevant and inadmissible on one issue may be relevant and admissible on another. In such an instance the rule favors admission, limiting applicability by judicial instruction to the issue where relevance is established. Yuin v. Hilton, 165 Ohio St. 164, 134 N.E.2d 719, 57 A.L. R.2d 681 (1956); 1 Wigmore, Evidence § 13 at 301 (3rd ed. 1940). The trial judge, at plaintiff's request, and in advance of receipt of the testimony, gave a careful instruction to the jury limiting its consideration of the proposed testimony to the damage issue. In this we find no error.

■■ Plaintiff now points out that in fact when questions were directed to the plaintiff pertaining to these other accidents, no relevance was established between them and the back injury. We believe this to be true. At this point if appellant considered that the answers contained in the record were so prejudicial that the damaging effect could not be cured by the judge's instruction, he had the right to move to strike or to move for mistrial.[1] Guedon v. Rooney, 160 Or. 621, 87 P.2d 209, 120 A.L.R. 1298 (1939). Plaintiff could not, however, (as was done here) elect to remain silent in apparent reliance on the judicial instruc-

tion until after adverse jury verdict and raise this issue for the first time on appeal. Anglo California National Bank of San Francisco v. Lazard, et al., 106 F.2d 693 (9th Cir. 1939), cert. denied, 308 U.S. 624, 60 S.Ct. 379, 84 L.Ed. 521 (1940).

■■ As to the evidence refused, we believe in its nature it was primarily cumulative and that no prejudice resulted. We do not reverse and remand for new trial unless the error complained of affected the substantial rights of the parties. Title 28 U.S.C. § 2111; Fed.R.Civ. P. No. 61.

The judgment is affirmed.

---

1. In a similar fact situation relevance could appropriately be determined without risk of mistrial either by discovery proceedings in advance of trial (see Rule 26, Fed.R.Civ.P.) or by a separate record taken before the judge in the absence of the jury.