SILER, Circuit Judge,
dissenting.
I agree with the majority’s conclusion that the admission of the statements from the two persons at the Vanderbilt Hospital to Dr. Anderson were hearsay. However, I would affirm the decision by the district court, because the error was harmless.
The majority recognizes that Dr. Anderson’s testimony that he sought the advice of an emergency room doctor and toxicologist at the Vanderbilt Medical Center was properly admitted. It was the substance of the conversation between Dr. Anderson and the Vanderbilt physicians that was improperly admitted over an objection. However, the district court’s admonition to the jury immediately following the admission of that testimony focused on that point. The majority criticizes the court’s admonition to the jury, but the admonition was given with the approval of Field’s lawyer and no objection or substi *738 tute version of the admonition was presented to the court to correct any ambiguity in the language. Moreover, Field’s counsel did not tender any instruction to the jury under Fed.R.Civ.P. 51.
Although the admonition to the jury could have been couched in clearer language, the failure of counsel to suggest a clearer admonition or later instruction to the jury suggests that the error was harmless. “An erroneous admission of evidence that does not affect the ‘substantial rights’ of a party is considered harmless.” United States v. Cope, 312 F.3d 757, 775 (6th Cir.2002). This admission of hearsay was the only assignment of error from the entire proceeding before the district court. It was made in the context of multiple expert witnesses from both sides who presented evidence of the standard of care. Testimony as to the fact of Dr. Anderson’s consultation with, and his resulting reliance upon, Vanderbilt’s medical experts would have been admissible, and the prejudicial effect of the hearsay evidence was tempered by the admonition to the jury. This admonition was for the benefit of the plaintiffs. “If the [party], having lost their argument on general admissibility, desired a more precise limiting instruction on the extent to which the jury could consider such testimony, it could, and should, have requested one.” United States v. Dozier, 672 F.2d 531, 543 (5th Cir.1982). As the plaintiffs were aware that it was the intent of the court to cure the improper prejudicial effect of the hearsay evidence, they must have been satisfied with the district court’s wording of the admonition. Parties cannot elect to remain silent in apparent reliance on a jury instruction until after an adverse jury verdict and then raise this issue for the first time on appeal. See Segal v. Cook, 329 F.2d 278, 280 (6th Cir. 1964).
A basic principle of the law is that juries are presumed to follow the instructions of the court. See Richardson v. Marsh, 481 U.S. 200, 206-07, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987); United States v. Forrest, 17 F.3d 916, 920-21 (6th Cir.1994). Here, the district court instructed the jury not to consider the statement from the Vanderbilt personnel as proof of the standard of care, but just that they gave Dr. Anderson some advice. Because counsel for the plaintiffs did not object to the admonition nor tender an alternative either at the time the admonition was made or at the time the instructions to the jury were given, the plaintiffs have to be considered satisfied with that admonition. I would presume that the jury followed the admonition of the court. Therefore, I would find that the one error at trial in admitting the statements from the persons at Vanderbilt was harmless because it was cured by the admonition.