## HINES v OFFICE

Ohio Appeals, 2nd Dist, Franklin Co

No 2583. Decided March 6, 1936

Harry Kohn, Columbus, and William Wasserstrom, Columbus, for plaintiff in error.

B. B. Bridge, Columbus, and Paul R. Gingher, Columbus, for defendant in error.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined on proceedings in error from the judgment of the Court of Common Pleas of Franklin County, Ohio, and in connection therewith motion of defendant in error for an affirmance of judgment for the reason that no bill of exceptions has been filed by plaintiff in error.

An examination of the file discloses that a bill of exceptions has been filed but it contains nothing more than the court's charge to the jury.

The bill contains no part of the evidence.

The law does not require that a bill of exceptions contain all that transpired at the trial. If the claimed error is predicated on claimed errors occurring at the trial only so much of the record is necessary as will fully and definitely exemplify the claimed errors.

Under any situation it is not proper for a reviewing court to dismiss for failure to file bill of exceptions but if perchance the alleged errors are not presented through the transcript of the docket and journal entries including the pleadings the judgment will be affirmed, We therefore pass

the motion and determine the cause on the merits.

The parties appear in this court in the same order as in the trial court.

Plaintiff's action was presented as a death claim and in favor of the surviving dependents.

Plaintiff's cause of action is based on claimed negligence of defendants through their agent in operating a truck on a public highway through which claimed negligence the decedent was fatally injured, from which injuries he shortly thereafter died.

The answer, after certain admissions, denies all other allegations of the petition in which denial is included the claimed acts of negligence. The answer does not aver contributory negligence but the trial court evidently considered that the issue is raised through the evidence since it appears that he charged the jury on this issue of contributory negligence.

We must assume that the trial court was correct in so concluding since we do not have before us the evidence either in transcript or narrative form. The petition in error sets forth four separate specifications of error as follows:

1. The court erred in overruling the motion for new trial.

2. Said verdict and judgment are contrary to law.

3. The court erred in its charge to the jury.

4. Other errors at law occurring at the trial upon the face of the record and duly excepted to by the plaintiff in error.

Under the state of the record we are limited to specification No. 3, unless we are able to find that this particular specification in error is sustained and also find that this error is of such a character as to support 1, 2 and 4 either or all.

In considering the case we start with the well recognized principle of law that every presumption favors the judgment of the trial court; that errors in the trial are not ground for reversal unless also found to be prejudicial. In the instant case we also have presented the two-issue rule. This in effect means that where there is present more than one issue and the trial is free from error with respect to any one issue, the finding and judgment may not be reversed, however prejudicially erroneous the errors may appear to be as to other issues. This rule has its exception where by interrogatories or otherwise it appears that the jury must have made its findings upon the

issue upon which prejudicial error is found to be present.

Applying this principle we do not find any error in the charge of the court on the issue of contributory negligence, although counsel for plaintiff in letter dated February 7th, which we accept as a reply brief, does insist that the rule has no application in the instant case and in support thereof cite the case of **Binder v Youngstown Ry. Co., 125 Oh St, 193.** We have carefully read this case and it is our conclusion that the second syllabus clearly and directly holds against plaintiff's contention. We do not find any error in the charge of the court on the issue of contributory negligence. It necessarily follows that the jury may have found against the plaintiff on the issue of contributory negligence. Finding no error in the record in this respect, it follows that the judgment of the trial court must be affirmed. It can serve no useful purpose to analyze the charge of the court relative to the negligence of the defendant since under the state of the record reversal could not be predicated thereon even if it be found that the charge of the court was in this respect erroneous.

Finding no prejudicial error, judgment is affirmed at cost of plaintiff.

Exceptions may be noted.

HORNBECK and BODEY, JJ, concur.