**TANSKI, Plaintiff-Appellee, v. WHITE et, d. b. a. WHITE MANUFACTURING CO., Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22393.   Decided March 17, 1952.

R. A. Baskin, A. C. Knight, Cleveland, for plaintiff-appellee.
Robert Merkle, Cleveland, for defendants-appellants.

## OPINION

By HURD, J:

This is an appeal on questions of law from a judgment entered in the common pleas court of Cuyahoga County in favor of plaintiff upon a jury verdict rendered in the sum of $2200.00.

Although the trial of the case commenced October 15, 1951 and extended through Oct. 18, 1951, and although there was presented the testimony of many witnesses, including two for plaintiff and eight for defendants, the record is silent as to the subject of their testimony. The bill of exceptions is an abbreviated one. It contains none of the evidence presented at the trial, being confined only to a transcript of the general charge of the court and certain proceedings thereafter concerning request of the jury for further instructions.

Counsel for appellants insistently asserts that the record in this abbreviated form is abundantly sufficient to demon-

strate prejudicial error (a) in the general charge of the court to the jury and (b) in certain proceedings wherein it is claimed that the court failed to give additional instructions as provided by law.

It is well settled that a reviewing court cannot consider claimed error in a charge where the correctness thereof is dependent on evidence, in the absence of a bill of exceptions containing all the evidence. See **Elser v. Parke, 142 Oh St 261, paragraph 4** of syllabus as follows:

"Where the correctness of the charge of the court to the jury is dependent upon the evidence and the bill of exceptions does not contain all of the evidence, a reviewing court cannot say that portions of the charge to the jury which are complained of were not properly given."

See also: **Hanauer Auto Co. v. Evans, 12 C. C. (N. S.) 512,** affirmed without opinion in **86 Oh St 330.**

But it is here claimed that the prejudicial error in the charge is so clear on the face of the record that no evidence is necessary to a demonstration of the same.

In the absence of a record setting forth the evidence adduced upon trial, whereby the claim of error in the charge may be adequately tested we must look to the issues developed by the pleadings and compare the same with the charge to determine whether or not prejudicial error is demonstrable on the face of the record.

Plaintiff's petition alleged in substance that defendants, W. V. White and Judith White, were doing business as partners under the firm name of White Mfg. Co. at 17928 Hillgrove Ave., Cleveland, Ohio, and that they are indebted to plaintiff in the sum of $2529.66 for materials furnished and work, labor and services done and performed by plaintiff for the defendants at divers times between the first day of February, 1949 and the second day of July, 1949, inclusive, all at their special instance and request and to their full satisfaction.

Plaintiff further alleged that the materials furnished, work, labor and services performed for the defendants, were reasonably worth the sum of $2529.66 and that the sum of $273.00 had been paid by defendants, leaving a balance due and owing of $2256.66 for which judgment is prayed.

For his second cause of action, plaintiff avers that the work, labor and services performed by him and materials furnished at the special instance and request of defendants, were for the building of certain small boats designed to be used for amusement park purposes; that because defendants failed to pay the claim of plaintiff as aforesaid, he has retained

possession of the last five of said boats and holds the same in his possession claiming the benefit of an artisan's lien thereon.

To the petition of plaintiff, the defendant, W. V. White filed his answer denying that he and the defendant, Judith White, were partners doing business under the name of White Manufacturing Company, or any other name, and denying that he or the said Judith White are indebted to the plaintiff in any sum whatsoever, denying specifically that they, or either of them, ever requested plaintiff to perform any work or labor, or to furnish any materials for them or either of them, on or after the first day of February, 1949. For his answer to plaintiff's second cause of action, defendant denies that the materials, work, labor and services performed, referred to in plaintiff's petition, were at the instance or request or employment of the defendants, or either of them, and denies that plaintiff has, or is entitled to possession of the five boats by way of an artisan's lien or any other kind of lien.

By interlineation, defendant avers that he and the plaintiff were partners in the business of manufacturing and selling the boats described in plaintiff's petition.

Defendant, W. V. White, by way of cross-petition, incorporates the allegations of his answer, and alleges that he and the plaintiff entered into a partnership for the manufacture and sale of "Kiddie-Boat Rides" which are described at length in the cross-petition. He then alleges in substance that plaintiff's function in said partnership was to assist the defendant in supervising the manufacture of said boats including supervision of the workmen and to work himself on the manufacture and delivery of said products; that it was defendant's duty in said partnership to have charge of the purchases, sales, collections, payment of bills and general management of the business, as well as to work on the manufacture of said articles; that both plaintiff and defendant were to render said services for the benefit of said partnership without compensation, except for such profits as they might be entitled to receive from said business; that plaintiff and defendant were equal partners in said business and the profits, if any, were to be shared equally between them, and that in the event the business sustained losses, these were likewise to be equally borne and paid by them; that the partnership business was terminated on or about July 1, 1949.

Defendant further alleges that in connection with said business he collected the total sum of Forty Three Hundred and Twenty-Five Dollars ($4325.00); that he has expended for labor, materials and other expenses of said business, the

total sum of $5494.06 and that he has withdrawn no money from said business, but that the plaintiff has withdrawn from said business the total sum of $349.41; that there are unpaid bills and that the business has resulted in losses and that the plaintiff is obligated to reimburse the defendant for one-half of the net losses of said business and that an accounting should be ordered between the parties. The cross-petition concludes with a prayer for such an accounting, for the dismissal of the plaintiff's petition, and for determining and adjudging the amount due to the defendant from the plaintiff, and that judgment be entered in his favor for such amount.

The answer of defendant, Judith White, is in the form of a general denial, denying all of the allegations of plaintiff's petition.

For his amended reply to the answers of defendants and in answer to the cross-petition of W. V. White, the plaintiff denies each and every allegation set forth in the answers and cross-petition not before specifically admitted to be true.

We shall now consider in sequence the three grounds of error assigned by the appellant.

The first ground of error asserted is:

"1. The court erred in its instructions to the jury as to the elements of an implied contract."

Counsel has selected an excerpt from the charge, consisting of one sentence, relating to the elements of an implied contract which it is claimed is prejudicially erroneous. The language of the court to which objection is made, reads as follows:

"A man may also work for another without an express contract, yet, if from all the surrounding facts and circumstances it is to be inferred that he performed his personal services with the expectation of receiving compensation either in the form of wages or salary, for his work, then an implied contract exists."

The defendants then argue that this sentence, clipped from the general charge, is erroneous in that it does not contain all of the elements necessary to a complete definition of an implied contract. We must agree that the sentence, standing alone, is subject to criticism in that it fails to include the essential element of mutuality of assent requisite to an implied contract. Standing alone, this definition would entitle plaintiff to recover if he were a mere volunteer. It is not alone sufficient that a person perform services with the expectation of receiving compensation, but to encompass the principle of mutuality necessary to a contract implied

in fact, it is elementary that the services be rendered, work performed, or materials furnished by one person for another under such circumstances that the party to be charged either knew or understood, or should have known or understood, that the services were given and received with the expectation of being paid for on the basis of their reasonable worth. This being so, the question arises, whether the part of the charge complained of, standing alone, constitutes prejudicial error. Here we must notice and adhere to a well recognized and established principle that upon review the charge must be taken as an entirety. If, from the whole charge, the law of the case appears to have been correctly stated to the jury, it will not be deemed prejudicially erroneous and the judgment may not be reversed because one sentence standing alone may be misleading or even erroneous. The law of Ohio on the subject is well stated in **39 O. Jur. (Trial), page 941-942, Sec. 261:**

"The broad general principle is that the charge to the jury is to be considered as a whole; not piece-meal, and all parts harmonized, if possible, giving to the words and language their plain and ordinary signification. It is not proper to single out sentences or excerpts or take isolated sentences and statements and give them independent meaning, when, taken in connection with the whole charge they will have a different meaning."

Again, in **2 O. Jur. (Appellate Review), Vol. 2 Part 2, page 1423, Sec. 755,** where, supported by an exhaustive list of Ohio cases, the following comment is made:

"In determining the question of prejudicial error in the instructions of the trial court to the jury, the charge must be taken as a whole and the portion which is claimed to be erroneous must be considered in its relation to, and as affected by, the other parts of it. * * *. If from the entire charge, it appears that a correct statement of the law was given in such a manner that the jury could not have been misled, no prejudicial error can be held to have resulted. That a sentence may be clipped therefrom, which, standing alone, appears as error, is a condition which attaches to the expression of language in any form and instructions to a jury are no exception to the general rule. * * * Consequently, if the charge considered as a whole appears to be fair and proper and to state the law of the case correctly and in a way reasonably calculated to enable the jury to understand the rules of law which they are to apply to the evidence before them, the judgment will not be reversed because the language of some part of the charge may, if taken alone, be objectionable, or subject to criticism, or because some clause, sentence or

paragraph standing by itself is erroneous, inaccurate, obscure, ambiguous or misleading or confusing."

Before proceeding to an analysis of the issues raised by the pleadings, we desire to notice another proposition of law which briefly stated is that the factual conclusions of a trial judge in his charge must be presumed to be correct on review where the bill of exceptions does not contain the evidence in the case.

**Bradley v. Cleveland Railway Co., 112 Oh St 35; Hines v. Office (Appeals), 21 Abs 553;** Samuels v. Cinn. Traction Co., 26 O. Cir. Ct. (N. S.) 463.

The record here discloses certain factual conclusions of the trial court in his charge, which, in the absence of evidence, must be presumed to be correct upon this review, as follows:

"Now, then, what is the issue, or what are the issues that you must determine in this case? It is established without dispute that between the 1st or 2nd of February, 1949, and the 2nd of July, 1949, an amusement park device known as the Kiddie-Boat Ride was constructed in a building located at 21800 St. Clair Avenue in the City of Euclid, Ohio, and that this device consisted of five wooden boats, one of which boats was powered by gasoline motor, and these boats were attached to steel sweeps which rotated around a central or center axle and that axle was in the center of a circular canvas tank.

"It is further established that these Kiddie-Boat Rides were constructed during this period under the name of The White Manufacturing Company."

"It is further established that the plaintiff, between February 1st or 2nd, 1949 and July 2, 1949, performed personal services consisting in part of woodworking, in part of manufacture or making of jigs and patterns and some other duties in connection with the construction of Kiddie-Boat Rides and that during the period in question, three, and only three of these units were completed. It is the claim of the plaintiff in this case that he performed these services during the time in question as an employee of either or both of the defendants, Judith White and W. V. White, doing business as the White Manufacturing Company.

"This claim of the plaintiff is denied by the defendants. In elaboration of their denial of the plaintiff's claim, the defendants, W. V. White and Judith White assert that on or about the first or second day of February, 1949, the plaintiff and defendant, W. V. White, entered into an oral agreement of partnership, and that the services performed by the plaintiff were performed not as an employee, but as a partner of the defendant, W. V. White. These conflicting claims of

the plaintiff and the defenadnt make up the issue in this case."

In the absence of evidence, the appellants are not in a position to challenge the accuracy or correctness of the conclusions which the trial court states were established without dispute. Moreover, the issues as defined by the trial court are in complete harmony with the issues developed by the pleadings, for it will be observed from an analysis of the pleadings that an issue was clearly and sharply drawn as to whether or not an employer-employee relationship existed between plaintiff and defendants under which the materials, work, labor and services were performed and furnished, or whether as claimed by defendant, W. V. White, a partnership existed between the parties whereby they were to share equally in the profits and losses. In our opinion this was the essential and controlling issue made by the pleadings.

In this respect the cross-petition of W. V. White asserts affirmatively that the plaintiff was to furnish materials and render services under a partnership agreement and by clear implication concedes that such materials were furnished and services were performed because he claims the right of contribution from the plaintiff for losses of the alleged partnership venture. The defendants cannot blow hot and cold on this proposition at one and the same time. In this view of the case the lack of completeness of the quoted sentence in respect of the elements of an implied contract can not be considered as prejudicial. There is still another reason why the charge of the court cannot be considered prejudicially erroneous on this review.

By this action, plaintiff sought to recover compensation for materials, work, labor and services furnished to the defendants, **at the special instance and request of defendant.** This imports an express contract in relation to the employment and contemplates an employer-employee relationship. In the absence of an express agreement as to a specific amount to be paid for the services, the law implies a promise to pay what the services are reasonably worth. Relative to this and the relationship of the parties, the court charged:

"In connection with and in considering this issue (relationship of parties) you will bear the following rules of law in mind:

"First, neither a contract of employment nor a contract of partnership need be in writing. Second, a contract may be **either** express or implied or partly express or partly implied. An express contract is one in which the terms of the contract are explicitly and definitely agreed to. An implied contract

is one in which the fact of the contract as well as the terms of the contract are inferred from all of the surrounding facts and circumstances. A man may work for another under an express contract. A man may also work for another without an express contract. Yet, if from all the surrounding facts and circumstances it is to be inferred that he performed his personal services with the expectation of receiving compensation either in the form of wages or salary for his work, then an implied contract exists."

Thereupon the court defined correctly and in detail the essential elements of a partnership contract and continued with the charge as follows:

"If you find from a preponderance of all the evidence that the plaintiff performed the personal services during the time in question as a partner of the defendant, W. V. White, or if you find from a preponderance of all the evidence that the plaintiff has failed to prove that he performed these personal services as an employee of either or both of the defendants, then, in that event, you will find the issue in this case in favor of the defendants. Your deliberations will then be at an end and your verdict will be in favor of the defendants.

"But, if on the other hand, from a preponderance of all the evidence, you find that the plaintiff during the time in question was an employee of either or both of the defendants, and that he performed his personal service as an employee of either or both of the defendants, doing business as the White Manufacturing Company, then you will find in favor of the plaintiff on the issue of this case and will return a verdict in his favor, against either or both of these defendants."

In this state of the case and in viewing the charge in its entirety, we think that the trial court did not commit error prejudicial to the rights of defendants. Therefore, assignment of error No. One must be overruled.

This brings us to a consideration of the second ground of error asserted as follows:

"2. The court erred in not giving additional instructions to the jury after the jury returned to the court room and the foreman stated that the jurors 'were slightly in doubt as to missing a few things down there.' "

A condensed statement of the record showing the proceedings when the jury returned to the court room, indicates that the court inquired as to whether the jury had arrived at a verdict. The foreman replied in the affirmative, then inquired if he could ask the court a question saying, "we were slightly in doubt as to missing a few things down there, I

hope that is complete." Thereupon, at the request of the court, a discussion was had between court and counsel out of the hearing of the jury and outside of the record. Thereafter, the court addressed the jury by reading to them verbatim from the verdict which was for the plaintiff against both defendants but in which the amount of the verdict was not inserted in the blank space provided therefor. He then stated to them in substance that if they intended by the verdict not to award the plaintiff any money they should sign a verdict for the defendants, but if they intended to return a verdict for the plaintiff and allow a specific sum of money, then the amount thereof should be inserted in the verdict. The court then inquired of the foreman if that answered any questions he may have had in his mind. To this the foreman answered, "Yes, Your Honor, except we didn't have any exact figures." The court then said, "Well, that will be something that you will have to work out from your recollection of the evidence and determine on the basis of what you finally conclude," and instructed the jury to go out again with all the verdict forms and continue their deliberations. The jury foreman then made the following statement:

"The thing, Your Honor, we don't want in any way, want to go—the figures, no one thought to write down, you know, when you were ending up your summation before you sent us up. So, I think you stated several things there and we agreed on one, but—I mean, no one knew just exactly what to put down because we didn't want to—I didn't know any statement that would cover—."

To this statement, the court replied that under the circumstances he would ask them to continue their deliberations in accordance with the instructions he had given them and "see if you can, pursuant to those instructions, determine what you want to do in the matter."

It is the contention of the defendants that the jury, through their foreman, was requesting additional instructions as to the law of the case. In our view, this contention is not supported by the record. The statements made by the foreman are rather indefinite and uncertain. It appears, however, that the inquiries were about evidence and particularly that part of the evidence summarized by the court in relation to the "figures" which the foreman stated "no one thought to write down."

Sec. 11420-6 GC which defines the duty of the court in respect of additional instructions requested by the jury, reads as follows:

"After the jurors retire to deliberate, if they disagree as to

the testimony, or desire to be further informed on the law of the case, they may request the officer in charge to conduct them to the court, which shall give the information sought upon matters of law, and also in the presence of or after notice to the parties or their counsel, may state its recollection of the testimony upon a disputed point."

From this it may be observed that this statute makes it ■ mandatory upon the trial judge to give additional information upon matters of law but discretionary only to state his recollection of the testimony upon any disputed point.

Counsel for both the plaintiff and defendants cite and quote from the case of **State v. Kennedy, 72 Oh Ap 462.** In that case at **page 468,** Matthews, J., speaking for a unanimous court, said:

"Under §11420-6 GC, it is made the duty of the court to give the jury any additional information on the law requested by it, and may, but it is not required to, state its recollection of the testimony upon any disputed point. The jury should be given the opportunity which the law contemplates, to make a request."

To the same effect see **Fraser v. Hathaway, 71 Oh Ap 317.**

In the instant case the jury was afforded every opportunity to make the request, as shown by the record. The foreman did not indicate any disputed point concerning the testimony, nor did he request any additional instructions as to the law of the case. In view of the plain and unambiguous language of the statute, which leaves it to the sound discretion of the court to advise the jury as to his recollection of the testimony upon any disputed point, we conclude that the court did not commit prejudicial error when leaving it to the jury to determine the issues upon their own recollection of the evidence.

The verdict was well within the limits of the instruction and we conclude that the defendants were not prejudiced by the action of the court at this point in the proceedings. Therefore, assignment of error No. two must be overruled.

The third assignment of error is that the court erred in overruling the motion for a new trial.

The defendants asserted eight grounds of error in their motion. Five of these grounds related to questions of evidence which cannot be considered upon review in the absence of a bill of exceptions showing the evidence. Another ground relates to the proceedings after the jury returned to the court room, which we have fully discussed. The claimed error of the court in the charge to the jury assigned on this

appeal was not specified in the motion for new trial. The remaining two assignments are that "the verdict was contrary to law" and for "other errors apparent upon the face of the record."

In our opinion the court did not err in overruling the motion for new trial. Finally, for the reasons generally set forth herein, we conclude that no prejudicial error having intervened, the judgment must be and is affirmed. Exceptions noted. Order see journal.

SKEEL, PJ, THOMPSON, J, concur.