TEREX CORPORATION, APPELLANT, *v.* GRIM WELDING CO. ET AL., APPELLEES.

(No. 13977—Decided July 12, 1989.)

*R. Patrick Baughman* and *Susan S. Henderson,* for appellant.

*Roger W. Strassburg, Jr.,* and *Stanley Keller,* for appellees.

CACIOPPO, P.J. On December 17, 1985, an employee of the appellant, Terex Corp., was injured when a tractor-trailer, operated by appellee, Grim Welding Co., backed into a loading dock, striking and injuring the employee. The tractor was owned by Grim and was being driven by one of Grim's employees and was hauling a trailer owned by appellee, Keen Transport, Inc.

Terex, a self-insured employer, paid medical benefits and compensation to the employee due to the injuries sustained by him. Terex filed suit against Grim and Keen to recover the workers' compensation expenses paid to its employee and for future expenses.

Grim and Keen filed motions for summary judgment, which were granted by the trial court. Terex appeals from this decision.

## ASSIGNMENTS OF ERROR

"I. The trial court committed prejudicial and reversible error in finding that plaintiff-appellant could not recover against 'The defendant-appellees for workers' compensation costs paid to its employee who was injured by defendant-appellees as a direct result of a breach of contract or warranty.'

"II. The trial court committed prejudicial and reversible error by granting the defendant-appellees' motions for summary judgment and dismissing plaintiff-appellant's complaint."

In reviewing a summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion and, if so viewed, reasonable minds can come to differing conclusions, the motion should be overruled. *Hounshell* v. *American States Ins. Co.* (1981), 67 Ohio St. 2d 427, 433, 21 O.O. 3d 267, 271, 424 N.E. 2d 311, 315. It must be clear from the evidence that reasonable minds can come to one conclusion, that no genuine issue as to any material fact remains to be litigated and that the moving party is entitled to judgment as a matter of law. *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, 4 O.O. 3d 466, 472, 364 N.E. 2d 267, 274.

Recently, the Supreme Court has set the criteria for recovery. In *Cincinnati Bell Tel. Co.* v. *Straley* (1988), 40 Ohio St. 3d 372, 533 N.E. 2d 764, the court stated:

"A self-insured employer which has paid medical expenses and other related workers' compensation benefits, or a state fund employer which has incurred increased workers' compensation premiums due to an injury suffered by an employee, may not recover damages against the third party who negligently caused the injury to the employee in the absence of any legal relationship based upon contract or warranty between the employer and the third party. (*Ledex, Inc.* v. *Heatbath Corp.* [1984], 10 Ohio St. 3d 126, 10 OBR 449, 461 N.E. 2d 1299, and *Midvale Coal Co.* v. *Cardox Corp.* [1949], 152 Ohio St. 437, 40 O.O. 428, 89 N.E. 2d 673, explained and followed.)" *Id.* at paragraph one of the syllabus.

In the case at bar, the trial court concluded that no contract existed between Terex and Grim or Keen. In its legal sense, the word "contract" includes every description of agreement or obligation, whether verbal or written, whereby one party becomes bound to another to pay a sum of money or to perform or omit to do a certain act. *National Glass & Lens Co.* v. *Parsons* (App. 1928), 28 Ohio Law Rptr. 573, 574. To show a contract implied in fact, services must be rendered, work performed or materials furnished by one party for another under such circumstances that the party to be charged knew or should have known that the services were given with the expectation of being paid on the basis of their reasonable worth. *Tanski* v. *White* (1952), 92 Ohio App. 411, 416, 49 O.O. 492, 494, 109 N.E. 2d 319, 322-323.

It is clear that a legal relationship based on contract or warranty existed between the parties. The record shows that services were rendered with the expectation of being compensated and, in fact, were compensated for those services. Thus, there is an implied contract between Terex and Keen or Grim or both. However, it is unclear from the record as to the terms and conditions of said oral agreement.

Thus, there being genuine issues of fact, the court erred in granting the appellee's motions for summary judgment.

Terex's assignments of error are sustained. The decision of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

MAHONEY and BAIRD, JJ., concur.