JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant Ronald R. Herip appeals from the order of the trial court that granted the Civ.R. 12(B)(6) motion to dismiss his complaint filed by defendant-appellee the City of Cleveland
 {¶ 2} Appellant asserts the exhibits he attached to his complaint demonstrate appellee breached its employment contract with him, wrongly converted funds belonging to him, and violated R.C. 4113.15, all by withholding federal taxes from his wages.
 {¶ 3} Upon a review of the record, this court determines the trial court's decision was appropriate. Consequently, its order is affirmed.
 {¶ 4} The record reflects appellant is a firefighter employed by appellant for a number of years. In 1998, appellant submitted to appellee a W-4 form claiming his wages were exempt from federal income tax withholding regulations.
 {¶ 5} In March 2000, appellant received a letter from the Internal Revenue Service ("IRS"). Therein, a federal tax examiner notified appellant that his W-4 form did not meet the requirements of the Internal Revenue Code and related Employment Tax Regulations. Appellant further was notified that the IRS had directed appellee "to disregard [appellant's] Form W-4 and withhold" federal tax as though appellant were a single person with no dependents.
 {¶ 6} The letter directed appellant to follow certain procedures if he wished the IRS to reconsider its determination. These included completing a worksheet and a questionnaire for submission to the IRS, or filing an appeal. Enclosed with the letter were the necessary documents for appellant to pursue reconsideration of the IRS determination. Appellant received a warning, however, that he was subject to "a $500 civil penalty" for making false statements in the documents.
 {¶ 7} Appellant, apparently, did not follow directions for reconsideration by the IRS of his withholding status. Instead, he made demands upon appellee both to continue to honor his W-4 form and to "contact" the IRS to determine if the IRS were legally authorized to change his withholding before appellee took any action with respect to his wages.
 {¶ 8} The record reflects appellant insisted to appellee over the next year and a half that the letter from the IRS was suspect, the IRS directive to appellee should not be credited, and appellee lacked any right to withhold his wages. Appellant corresponded with various representatives in appellee's finance and law departments to the point that he signed one of his missives, "sincerely but not harrassingly (sic)." Nevertheless, appellee's assistant law director repeatedly, patiently, and specifically informed appellant that only the IRS could determine exemptions to which an employee was entitled.
 {¶ 9} In June 2002 appellant filed the instant case against appellee, setting forth the following three causes of action: breach of oral contract of employment, violation of R.C. 4113.15, and conversion. Appellant attached to his complaint pursuant to Civ.R. 10(D) copies of the correspondence that he had received and exchanged with both the IRS and appellee concerning his dispute over withholding of his wages.
 {¶ 10} Appellee eventually responded with a Civ.R. 12(B)(6) motion to dismiss appellant's complaint. Although the trial court permitted appellant to file an opposition brief, it thereafter issued an order that granted appellee's motion, thus terminating appellant's case.
 {¶ 11} Appellant presents a single assignment of error for appellate review of the foregoing order, as follows:
 {¶ 12} "I. The Court of Common Pleas committed reversible error when it granted Defendant-Appellee City of Cleveland's motion to dismiss the complaint because the trial court never addressed the issue of conversion and the issue of breach of contract, and failed to address the factual issue of whether or not the Internal Revenue Service has the legal authority to order an employer to ignore the sworn affidavit of the Appellant, Ronald Herip, that he was exempt from withholding pursuant to 26 United States code (sic) [Section] 3402(n). (sic.)"
 {¶ 13} Appellant argues the trial court improperly dismissed his complaint without addressing either all of his causes of action or the merits of his dispute with appellee. Appellant's argument misses the point.
 {¶ 14} In order for a trial court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts entitling it to recovery from the defendant. O'Brien v. University Community Tenant'sUnion (1975), 42 Ohio St.2d 242. As a matter of law, the trial court must accept all the allegations of the complaint as true. Greeley v. MiamiValley Maintenance Contrs., Inc. (1990), 49 Ohio St.3d 228. The allegations must be examined to determine if they support any basis for recovery, even on legal theories not specifically mentioned. Rogers v.Targot Telemarketing Services (1990), 70 Ohio App.3d 689. However, plaintiff must set forth in his pleadings the necessary elements of his claim against the defendant. See, e.g., Zuber v. Ohio Dept. of Insurance
(1986), 34 Ohio App.3d 42; Kordi v. Minot (1987), 40 Ohio App.3d 1. Furthermore, when a claim is founded upon some written document and a copy of the document is attached to the complaint in accordance with Civ.R. 10(D), the trial court avoids interpreting such a document. Slifev. Kundtz Properties, Inc. (1974), 40 Ohio App.2d 179.
 {¶ 15} Appellant's first claim asserted breach of his contract of employment. In its legal sense, the word "contract" includes every description of obligation whereby one party becomes bound to another to perform or omit to do a certain act. Terex Corp. v. Grim Welding Co.
(1989), 58 Ohio App.3d 80. A breach of contract action generally is pleaded by stating: the terms of the contract, the performance of plaintiff of his obligations, the breach by the defendant, damages and consideration. American Sales, Inc. v. Boffo (1991), 71 Ohio App.3d 168,175.
 {¶ 16} A review of appellant's complaint indicates he fulfilled many of the foregoing requirements. Appellant indicated, however, an essential term of the "oral agreement" was that appellee would pay him "all wages due [him] * * * at the time and in the manner specified in the employment agreement." Pursuant to R.C. 4113.15(D)(1), an employee's "wage" is the net amount payable less any federal, state, or local taxes withheld.
 {¶ 17} Conversely, nowhere did appellant state that appellee had agreed with him either: (1) that it would continue to honor his W-4 form in the face of an IRS directive to withhold taxes from his pay; (2) that it would disregard IRS withholding requirements applicable to his wages; or, (3) that it would assume his responsibilities in pursuing an appeal of IRS withholding determinations. Appellee's action after notification from the IRS in withholding federal taxes from appellant's pay, therefore, did not constitute a breach of the "employment agreement." Consequently, the trial court properly dismissed this claim. Krause v.Klein (July 3, 1997), Cuyahoga App. No. 71539. Moreover, since R.C.4113.15(A) requires an employer to pay its employees their "wages earned," not their gross earnings, appellant's second claim also properly was dismissed.
 {¶ 18} Similarly, appellee could not have been liable to appellant for conversion, since appellee's exercise of control over the withheld wages was not wrongful. Estep v. Johnson (1998), 123 Ohio App.3d 307,315.
 {¶ 19} Even construing the allegations of the complaint as true, and considering the documents attached by appellant, the trial court therefore properly concluded appellant could prove no set of facts entitling him from relief from appellee on any of his claims. The trial court thus committed no error in dismissing appellant's complaint pursuant to Civ.R. 12(B)(6).
 {¶ 20} Accordingly, appellant's assignment of error is overruled.
 {¶ 21} The trial court's order is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Michael J. Corrigan, J. and Colleen Conway Cooney, J. Concur.