[Cite as *R. C. Costello & Assoc., Inc. v. Energy Technologies, Inc.*, 2018-Ohio-2092.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| R. C. COSTELLO & ASSOC., INC. | : | JUDGES: | |
| | : | Hon. John W. Wise, P.J. | |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. | |
| | : | Hon. Earle E. Wise, Jr., J. | |
| -vs- | : | | |
| | : | | |
| ENERGY TECHNOLOGIES, INC., et al | : | Case No. 17CA103 | |
| | : | | |
| Defendants-Appellants | : | O P I N I O N | |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Case No. 17-CV-0037 R

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      May 25, 2018

APPEARANCES:

For Plaintiff-Appellee

ALEXANDER V. DATTILO
600 Superior East
Suite 600
Cleveland, OH 44114

For Defendants-Appellants

BENEJAMIN D. KITZLER
Richland Bank Building
Suite 803
Mansfield, OH 44902

*Wise, E.*

{¶ 1} Defendant-appellant Energy Technologies, Inc., et al. (ETI), appeals the November 17, 2017 judgment of the Richland County Court of Common Pleas striking appellant's motion for summary judgment, and granting appellee's motion for summary judgment. Appellee is R.C. Costello & Assoc., Inc. (Costello).

## FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant Dan Madden of ETI, during the course of this proceeding, was the principal of an Ohio company seeking investment funding in order to create a process for reforming hydrogen using a base facilitated system. Appellee Costello is a California company which provides engineering design and construction supervisions to the chemical and biofuels industries.

{¶ 3} According to Costello's January 10, 2017 complaint, in February 2015, Madden, contacted Costello on behalf of ETI to request Costello perform various tasks and projects for ETI's use in an effort to attract a particular client. Costello built five computer programs (ChemCad Models) for ETI, assisted with one of ETI's PowerPoint presentations, and participated in a presentation for ETI's potential client. For these services, Costello billed ETI $16,930 and ETI refused to pay. Costello alleged breach of implied contract, unjust enrichment, and restitution.

{¶ 4} ETI filed an answer on February 2, 2017 denying the allegations contained in Costello's complaint.

{¶ 5} On August 31, 2017, Costello filed a motion for summary judgment.

{¶ 6} On September 19, 2017, ETI filed a memorandum contra to summary judgement and a motion for summary judgment. According to ETI, Costello was asked to

provide an estimate of the cost of preliminary engineering for the project and nothing more as ETI had yet to acquire funding for the project. The hiring of Costello, according to ETI, was contingent on the acquisition of funding for the project. Costello provided ETI with a contract, but ETI never signed the same, and claimed no work was requested of Costello beyond the preparation of an estimate. ETI further claimed that Costello never provided any services or benefit to ETI.

{¶ 7} ETI's motion for summary judgment was filed out of time, and without leave of the trial court to file out of time.

{¶ 8} On September 26, 2017, Costello filed a reply to ETI's motion and memorandum contra and a motion to strike ETI's motion for summary judgment.

{¶ 9} On November 17, 2017, the trial court issued a judgment entry granting Costello's motion for summary judgment and further granting Costello's motion to strike ETI's motion for summary judgment. The trial court granted judgment in favor if Costello in the amount of $16,930.

{¶ 10} ETI now brings this appeal, raising one assignment of error:

I

{¶ 11} "THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACT THAT PRECLUDE SUMMARY JUDGMENT."

{¶ 12} In its sole assignment of error, ETI argues the trial court erred in granting Costello's motion for summary judgement. We disagree.

{¶ 13} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶ 14} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶ 15} As explained by this court in *Leech v. Schumaker*, 5th Dist. Richland No. 15CA56, 2015-Ohio-4444, ¶ 13:

It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265(1986).   The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.   The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case.   Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims.   If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied.   However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."   The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

{¶ 16} There is no dispute that ETI never signed a contract with Costello. Costello argues, however, the contract between itself and ETI was implied-in-fact.

{¶ 17} In *F & J Welding, Inc. v. Emery*, 5th Dist. Tuscarawas No. 91AP060025, 1992 WL 89971 (April 20, 1992) we explained:

To show a contract implied-in-fact, services must be rendered, work performed, or materials furnished by one party under circumstances such that the party to be charged knew or should have known that the services were given with the expectation of being paid their reasonable worth. *Terex Corp. v. Grim Welding Co.* (1989), 58 Ohio App.3d 80, 568 N.E.2d 739, syllabus 2; *Tanski v. White* (1952), 92 Ohio App. 411, 416, 109 N.E.2d 319, 322-23. Therefore, under Ohio law, recovery for a contract implied-in-fact is the reasonable value of the services rendered * * *

{¶ 18} Here ETI argues the trial court erred in grating Costello's motion for summary judgement because the following genuine issues of material fact exist: (1) What if anything did ETI request of Costello; (2) Did ETI know Costello was preforming work and expected to be paid; (3) Did Costello actually preform services for ETI; and (4) Did any of the services performed by Costello benefit ETI.

{¶ 19} We have examined the emails and affidavits in this matter. Contrary to ETI's argument that it asked for nothing beyond an estimate, never requested services from Costello, and never requested ChemCAD computer simulations, the emails demonstrate otherwise. ETI asked Costello to participate in a meeting with a potential client, edit a

PowerPoint presentation for that meeting, and to "* * * bring the ChemCAD terminal to show the dynamic interactive features for the modeling we have done to that point. We can also use that to illustrate the ability to factor various run rates." Moreover, on March 9, 2015, Costello emailed ETI a computer simulation chosen by ETI. While ETI claims it received no benefit, these tasks appear to have been performed in an attempt by ETI to land a client or an investor. Simply because that apparently did not happen does not mean ETI received no benefit as a result of Costello's labor. Finally, there further appears to be an indication in an April 13, 2015 email that ETI understood that Costello expected to be paid for work performed, as ETI advised Costello "Phil and I have been busy applying a different kind of pressure to would be investors, so hang in there."

{¶ 20} Based on the forgoing, we find an implied-in-fact contract existed between the parties and thus find no error in the trial court's decision granting Costello's motion for summary judgment. Because we find an implied-in-fact contract, we do not reach the issue of unjust enrichment.

{¶ 21} The judgment of the Richland County Court of Common Pleas is affirmed.

By Wise, Earle, J.

Wise, John, P.J. and

Delaney, J. concur.

EEW/rw